LAW OFFICE OF ROBERT J. GUMENICK, PC
Robert J. Gumenick (RG 4199)
160 Broadway
Suite 1100
New York, New York   10038
Tel.: (212) 608-7478

Counsel to Uzi Evron, Roni Abudi, Doron Kessel and
Asher Alcobi

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re:

                                        Case No.: 08-12667 (AJG)

Boaz Bagbag,

                                        Chapter 7

              Debtor.
-------------------------------------------------------------X

**APPLICATION FOR AN ORDER PURSUANT TO FED.R.BANKR.P. 2004**
**AUTHORIZING EXAMINATIONS AND ISSUANCE OF SUBPOENAS ON BEHALF OF**
**UZI EVRON, RONI ABUDI, DORON KESSEL AND ASHER ALCOBI**
**(COLLECTIVELY, "MOVANTS")**

TO:    THE HONORABLE ARTHUR J. GONZALEZ
         CHIEF UNITED STATES BANKRUPTCY JUDGE

      Uzi Evron, Roni Abudi, Doron Kessel and Asher Alcobi (herein, collectively, "Movants"), by and thorough its undesigned counsel Law Office of Robert J. Gumenick, PC, as and for their application for entry of an order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (herein, the "Bankruptcy Rules"), authorizing them to conduct examinations of, and to issue subpoenas to compel the production of documents from, the Debtor and the persons listed on <u>Exhibit A</u> annexed to this motion, respectfully represents:

**INTRODUCTION**

1.       The Debtor, an individual, filed his voluntary petition on July 10, 2008.  A notice
            of deficiencies was entered on July 15, 2008 requiring the deficient filings be made

    by July 25, 2008. The deficient filings have not been made. The 341(a) meeting is scheduled for August 14, 2008.

2.  Upon information and belief the Debtor is the owner/director of Pace Product Solutions, Inc. ("Pace"), an auto parts retailer which, simultaneously with the filing of the petition in this case, filed its own chapter 11 petition in this court (Case No. 08-12666 (MG)). Pace's case was converted to a chapter 7 case by order of the Hon. Martin Glenn dated July 24, 2008. Albert Togut is the Interim Chapter 7 Trustee for Pace.

3.  Alan Nisselson, Esq. Has been appointed the Chapter 7 Trustee in this case.

4.  The Movants are holders of unsecured claims against the Debtor.

5.  The Movants allege that the claims involve the circumstances under which the same would be exempt from discharge under Section 523(a)(2) of the United States Bankruptcy Code, as amended (herein, the "Bankruptcy Code") by reason of the misrepresentation, false pretenses and other improper acts of the Debtor.

6..  The examination of the Debtor[1] and persons with knowledge of the circumstances surrounding such claims is necessary for the Movants to fashion their contemplated objection to discharge or adversary complaint.

7.  In addition, the Movants have reason to believe that the Debtor has secreted or has fraudulently transferred assets that may be available to creditors in this case.[2]

---

[1] The Chapter 7 Trustee has suggested that this motion, rather than the 341(a) meeting, be the method for the Movants to examine the Debtor.

[2] The Court is directed to the August 4, 2008 affidavit of Andrew W. Plotzker in the Pace case. Writing on behalf of Davis, Graber, Plotzker & Ward LLP in support of the Chapter 7 Interim Trustee's application to retain that firm as accountants, Mr. Plotzker states "From the above, the Trustee has reason to believe that the Debtor is a corporate debtor, operating as a (sic)

From their initial investigations, based on limited information now available, the Movants believe that as head of Pace, the Debtor dissipated at least $1,000,000.00 in Pace's assets and receivables, and has as well used corporate monies for personal purposes and for gifts to others. The Movants suspect that the same pattern of behavior applies to the Debtor's personal affairs, in that they know of transfers of his personal investments in real estate that have been transferred to others for what appears to be no consideration, as well of sources of income from real estate and other investments that the Debtor has not and will not, absent being under oath, disclose.

### JURISDICTION AND VENUE

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. Sections 157(a) and 1334(b) and under the July 10, 1984 "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York.. Consideration of this application is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(O). Venue is proper before this court pursuant to 28 U.S.C. Sections 1408 and 1409. The statutory predicates for relief are F.R.C.P. as made applicable to this proceeding by Rule 9016 and Rule 2004 of the Bankruptcy Rules.

### THE MOVANTS' CLAIMS

9. The Movants have been victims of the Debtor's scams. As a result of these scams,

---

automobile parts supplier with a place of business in Yonkers, New York, <u>and at a minimum, there may be preferences to recover, loans and post petition transfers and fraudulent conveyances to investigate and possibly recover, and other estate assets as well</u>." (emphasis supplied)  (ECF 34)

the Movants have lost hundreds of thousands of dollars.   The Debtor's filing of these cases was intended solely to interfere with the collection of these valid claims and to assist the Debtor to fulfill the purpose of his illegal acts.   The Debtor's bad faith is evidence by his failure to complete his required filings.   However, notwithstanding such bad faith, the Debtor should not be given the bonus of a dismissal prior to the creditors being able to avail themselves of the mechanisms of the Bankruptcy Code and Rules to discover assets, fraudulent transfers, preferences, post-petition transfers and other relevant information so that the creditors, the trustees and the court can be more fully informed of the Debtor's affairs prior to any ultimate disposition of this case.

**A.    ASHER ALCOBI'S CLAIMS**

10.   Asher Alcobi was induced to invest in Pace by the Debtor based upon false representations, false pretenses and fraud.   In April, 2007, the Debtor entered into a contract with Mr. Alcobi which purported to sell Mr. Alcobi a one-third interest in Pace, consisting of one third of the Debtor's full ownership shares in Pace.   The Debtor never delivered the share certificates.   Mr. Alcobi was entitled to a seat on the Board of Directors, as well as the right to make certain major decisions jointly with the Debtor.   The Board was never formed, and the Debtor never acknowledged Mr. Alcobi's right to participate in the major decisions of Pace. Contrary to the written agreements, the Debtor alleged in his Local Rule 1007-2 affidavit in the Pace proceeding that he is the sole director of Pace and that Mr. Alcobi is the owner of twenty-one percent (not thirty-three percent) of the shares of Pace.   No distributions were ever made by Pace to Mr. Alcobi, nor did Pace

provide Mr. Alcobi with the health and life insurance benefits and salary he was entitled to under a shareholder's agreement.

11. Other actions were taken by the Debtor in connection with Pace to Mr. Alcobi's detriment. Without Alcobi's knowledge, the Debtor sold Pace's leasehold on West 48th Street for a consideration thought to be $325,000.00. These amounts were not accounted for. A cursory review of the accounting documents obtained shows that perhaps $1,000,000.00 was transferred in stages to a supplier without any explanation and without the knowledge and/or consent of Mr. Alcobi..

12. In addition, Pace formed a subsidiary with the name "Worldwide Pace" in order to avoid state court restraining orders obtained by its secured creditor, Summa Capital Corp. Pace caused Worldwide to bill Pace's customers for supplies sold by Pace. Monies received by Worldwide have not been adequately accounted for.

13. Pace further failed to provide detailed financial reports to Mr. Alcobi as he is entitled to under his shareholder's agreement.

14. Pace failed to pay its rent and its purchase money obligations for the acquisition of its inventory. At the time of the filing, Pace was four months in arrears to its landlord, for approximately $50,000.00.

15. Pace filed its Chapter 11 case without any notice to, consent of or consultation with Mr. Alcobi.

16. The parties listed on <u>Exhibit A</u>, Jason Levine, Marc Goldberg, Larry Katz, Ruby Abramov and Avraham Abby a/k/a Avraham Aby all have material information that will lead to the discovery of information relevant to the estate and its financial condition.

**B.    UZI EVRON, DORON KESSEL AND RONI ABUDI'S CLAIMS**

17. Uzi Evron, Doron Kessel and Roni Abudi's experiences with the Debtor follow a similar script.   In two separate transactions, the Debtor connived to obtain about $200,000.00 from these claimants by false pretenses, misrepresentation and/or fraud.

18. In the first transaction, the Debtor induced the claimants to lend money for the purpose of financing the acquisition of Lincoln Towncars.  The Debtor is, upon information and belief, involved with a company called VIP Car Service, Inc. ("VIP").   VIP upon information and belief, purchases limousines and sells or lease them to the drivers, who in turn arrange with a base to receive fares and calls.   VIP has no separate existence as an actual "car service".

19. In exchange for promissory notes executed by VIP and guarantees signed by the Debtor, the Movants advanced  about $99,000.00 to VIP.  Said  notes and guarantees were never paid or honored and were in default at the time of the filing of these cases.

20. The Movants hold judgments obtained by confession from VIP.   However, they have been unable to locate the cars and have no realistic way of satisfying the judgments or guarantees unless the Debtor is examined.

21. The second transaction involved a purported real estate transaction proposed by the Debtor to the Movants.   The Debtor described the purchase of a leasehold in Manhattan for a retail location.

22. The Debtor induced the Movants to fund about $86,000.00 to a lawyer's trust account.   The transaction was never concluded, for unexplained reasons.

23. Although demanded, the monies were never returned. Inquiry with the attorney, Jason Levine, resulted in no information being given about the funds.

24. The examination by the Movants of the parties listed on Exhibit A, to wit: Jason Levine, Marc Goldberg, Shimon Avitan, Jeffrey M. Jankelovits, Jim Matta , Larry Katz, Ruby Abramov, Hedy Abraham and Robi Abromah will lead to the discovery of information relevant and material to the financial condition of the estate.

### DISCUSSION

25. Rule 2004 of the Federal Rules of Bankruptcy Procedure governs discovery in cases under the Bankruptcy Code. Rule 2004 discovery, being flexible in scope, extends to the acts, conduct, or property and financial condition of the Debtor, or to any matter that may affect the administration of the Debtor's estate or the debtor's right to a discharge. (*See*, F.R.B.P. 2004(b)). The rule leaves considerable leeway for all manner of so-called fishing expeditions provided there is a reasonable nexus to the debtor and the administration of the debtor's estate. *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) (holding that any third party who had a relationship with a debtor may be subject to a Rule 2004 investigation, yet courts may limit discovery where it is designed to abuse or harass)

26. A party in interest may use Rule 2004 to determine the nature and extent of a bankruptcy estate and to ascertain whether wrongdoing has occurred. *See, In re Recoton Corp.*, supra, *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); *In re Duratech Indus., Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999); *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983).

### RELIEF REQUESTED

27. By this application, the Movants seek, entry of an Order authorizing the examination of the parties listed on <u>Exhibit A</u> to this motion for the reasons stated above. Rule 2004 provides that "[o]n motion of any party in interest, the Court may order the examination of any entity." Additionally, that Rule provides that "[t]he attendance of an entity for examination and for the production of documents...may be compelled as provided in Rule 9106[.]." F.R.B.P. 2004(c).

28. As noted above, the Movants fit squarely within the policy and text of Rule 2004. The facts of this case clearly demand that the Movants be granted leave to conduct the proposed examinations and issue the proposed subpoenas. For this reason, the entry of the order requested is proper.

## WAIVER OF FILING OF A MEMORANDUM OF LAW

29. As this motion presents no novel issues of law and the authorities relied upon are set forth herein, Movants request that the Court waive the requirement of S.D.N.Y. L.B.R. 9013-1(b) requiring the filing of a separate memorandum of law.

30. No previous request for the relief herein sought has been made to this or to any other Court.

## NOTICE

31. Notice of this motion has been provided to (a) the Debtor and its counsel, (b) the United States Trustee for the Southern District of New York, (c) the Chapter 7 Trustee; (d) any other party who has requested notice in the above-captioned case; (e) the Debtor's largest unsecured creditors as listed on Debtors Chapter 11 petition; and (f) all other parties entitled to notice under the Bankruptcy Code and Rules.

WHEREAS, Movants respectfully request that this Court enter an Order granting leave to conduct the examination of the parties listed on Exhibit A and the issuance of subpoenas as provided by F.R.B.P. 9016.

Dated: New York, New York
August 6, 2008

**LAW OFFICE OF ROBERT J. GUMENICK, PC**

By: _____/s/Robert J. Gumenick\_\_\_\_
Robert J. Gumenick (RG 4199)
160 Broadway #1100
New York, New York   10038
(212) 608-7478

Counsel to Uzi Evron, Roni Abudi, Doron Kessel and Asher Alcobi

# Exhibit A

<u>Jason Levine</u> - attorney for Pace and Bagbag.

<u>Marc Goldberg</u> - accountant for Pace and Bagbag.

<u>Shimon Avitan</u> - straw man in connection with the properties in Bronx, New York.

<u>Jeffrey M. Jankelovits and Jim Matta</u> - in connection with the proposed real estate transaction with Messrs. Abudi and Evron.

<u>Larry Katz, Ruby Abramov and Avraham Abbe a/k/a Avraham Aby -</u> in connection with the transactions between Pace and vendors and suppliers which diverted funds from Pace.

<u>Hedy Abraham and Robi Abromah</u> in connection with the purchase of inventory by Pace.