| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | HEARING DATE: **September 17, 2008**<br>HEARING TIME: **9:30 a.m.** |

---------------------------------------------------------- x
In Re:                                                     :
                                                           :  Case No. 08-12667 (AJG)
BOAZ BAGBAG,                                               :
                                                           :  Chapter 7
                              Debtor.                      :
                                                           :
---------------------------------------------------------- x

## NOTICE OF HEARING

PLEASE TAKE NOTICE that upon the annexed Application, Diana G. Adams, the United States Trustee for Region 2, will move this Court before the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge, at the Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **September 17, 2008 at 9:30 a.m.**, for approval of a Stipulation and Proposed Order (the "Stipulation") Dismissing the Chapter 7 Case of Boaz Bagbag with prejudice for eighteen months pursuant to 11 U.S.C. § 707(a). The Application and the Stipulation are on file with the Clerk of the Bankruptcy Court and can also be obtained from the Office of the United States Trustee, at 33 Whitehall Street, 21st Floor, New York, New York 10004-2112, attention: Greg M. Zipes, Esq.

PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court and personally served on the United States Trustee, at 33 Whitehall Street, 21st Floor, New York, New York 10004-2112, to the attention of Greg M. Zipes, Esq., no later than three (3) days prior to the return date set forth above.

Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: New York, New York
August 8, 2008

        DIANA G. ADAMS
        UNITED STATES TRUSTEE

By:   */s/ Greg M. Zipes*
      Greg M. Zipes
      Trial Attorney
      33 Whitehall Street, 21st Floor
      New York, New York 10004
      Tel. No. (212) 510-0500
      Fax. No. (212) 668-2255

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
In Re:                                                   :
                                                         :   Case No. 08-12677 (AJG)
BOAZ BAGBAG,                                             :
                                                         :   Chapter 7
                                      Debtor.            :
                                                         :
-------------------------------------------------------- x

# APPLICATION OF THE UNITED STATES TRUSTEE FOR APPROVAL OF STIPULATION AND PROPOSED ORDER DISMISSING DEBTOR'S <u>CHAPTER 7 CASE</u>

TO: THE HONORABLE ARTHUR J. GONZALEZ,
     UNITED STATES BANKRUPTCY JUDGE:

Diana G. Adams, the United States Trustee for Region 2 (the "United States Trustee"), hereby moves this Court for approval of the Stipulation and Proposed Order (the "Stipulation") for dismissal of the Chapter 7 bankruptcy case of Boaz Bagbag (the "Debtor") with prejudice for an eighteen month period, annexed hereto as Exhibit <u>A</u>. In support of this motion to dismiss (the "Dismissal Motion"), the United States Trustee represents and alleges as follows:

<u>Introduction</u>

The United States Trustee requests that the Court approve a Stipulation entered into between the United States Trustee and the Debtor, who is represented by counsel, in which the parties agree that this Chapter 7 case will be dismissed with prejudice for a period of eighteen months. There are several reasons why the Stipulation should be approved. To begin with, the Debtor has not filed schedules or a B22 Means Test Form. The filing of these documents is a statutory requirement and the failure to timely file

them not only deprives creditors of the ability to learn about the Debtor's financial wherewithal, but results in a dismissal of the case.

Moreover, as discussed below, there are sufficient facts to demonstrate that dismissal with prejudice is appropriate. Specifically, the Debtor, while in Chapter 7, appears to have improperly transferred approximately $10,000 to $15,000 of estate assets to a corporation called Pace Products Solutions, Inc. (the "Pace Debtor"). The Pace Debtor filed for Chapter 11 relief on the same date that the Debtor filed the instant case. The monies that the Debtor transferred to Pace do not appear to have been disclosed by the Debtor in this case, particularly in view of the fact that no schedules or other documents have been filed. If the funds transferred by the Debtor to Pace were received by the Debtor prior to the filing date, the funds would be property of the estate and should therefore not have been transferred absent court order. Therefore, dismissal with prejudice is appropriate based on the failure of the Debtor to provide information relating to his financial condition in connection with the filing of the Chapter 7 petition in this case, coupled with the Debtor's conduct suggestive of an improper transfer of estate assets.

Facts

1.  On July 10, 2008 (the "Filing Date"), Boaz Bagbag (the "Debtor") commenced this bankruptcy case by filing a voluntary chapter 7 petition. See ECF Doc. No. 1. The Debtor was represented by counsel throughout the duration of this case.

2.  The Debtor failed to file schedules of assets and liabilities, a statement of financial affairs and a means-test form (form B-22A) (collectively, the "Schedules").

3. Alan Nisselson, Esq. (the "Trustee") was appointed interim trustee and thereafter became permanent trustee pursuant to section 702(d) of the Bankruptcy Code.

4. The initial meeting of creditors, pursuant to 11 U.S.C. § 341, is scheduled for August 14, 2008.

*The Pace Products Solutions, Inc. Case*

5. The Debtor is the principal of a debtor entitled <u>In re Pace Products Solutions, Inc.</u>, Case No. 08-12666 (MG), which filed a voluntary Chapter 11 case on the Filing Date. The Pace Debtor did not indicate on its petition that the Pace Debtor is affiliated with the Debtor herein and, therefore, the Pace Debtor's case was assigned to another judge, the Honorable Martin Glenn. A copy of Pace Debtor's petition is attached as Exhibit <u>B</u>.

6. The Pace Debtor's case has been converted to one under Chapter 7 of the Bankruptcy Code on July 24, 2008, upon the motion of the United States Trustee. A copy of the United States Trustee's motion is attached as Exhibit <u>C</u>.

7. At a hearing in the Pace Debtor's case on July 21, 2008 (the "July Hearing"), the Debtor acknowledged that he used personal funds after the Filing Date to fund the Pace Debtor. A copy of transcript from the July Hearing is attached as Exhibit <u>D</u>.

*Events After The Conversion of the Pace Products Case*

8. On August 8, 2008, the Debtor and Debtor's counsel executed the Stipulation, consenting to the dismissal of the Debtor's case, under 11 U.S.C. §§ 305(a)(1), 707(a)-(b), with prejudice for an eighteen month period in order to resolve all

3

issues concerning the potential dismissal of the Debtor's case under 11 U.S.C. § 707(b)

and denial of discharge under 11 U.S.C. § 727.  See Exhibit A.

## **Argument**

9.     The Debtor has not filed the Schedules and so he should not receive his

discharge.  Section 521(a)(1) of the Bankruptcy Code provides that the debtor shall file a

list of creditors and, unless the court orders otherwise:

> (i)  a schedule of assets and liabilities;
> (ii)  a schedule of current income and current expenditures;
> (iii)  a statement of the debtor's financial affairs ...;
> (iv)  copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;
> (v)  a statement of the amount of monthly net income, itemized to show how the amount is calculated; and
> (vi)  a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition.

11 U.S.C. § 521(a)(1)(B).

10.     The consequence of a debtor's failure to file these documents is severe.  If

a debtor fails to file all of the information required by § 521(a)(1) within 45 days of filing

the bankruptcy petition, "the case shall be automatically dismissed effective on the 46th

day after the date of the filing of the petition."  11 U.S.C. § 521(i)(1).  In re Warren, No.

06-10697, 2007 WL 1079943 (Bankr. N.D. Cal. Apr. 9, 2007), rev'd sub nom. Warren v.

Wirum, 378 B.R. 640 (N.D. Cal. 2007) (finding dismissal is automatic if the debtor fails

to file pay advices and other documentation within the 45 day period).

11. Section 707(a) provides for a separate avenue to dismiss a case, including:

> (3) failure of the debtor in a voluntary case to file, within *fifteen days or such additional time as the court may allow after the filing of the petition commencing such case*, the information required by paragraph (1) of section 521, but only on the motion of the United States Trustee.

11 U.S.C. § 707(a)(3)(emphasis added.)

12. In this case, the Debtor failed to file his Schedules within 15 days of the Filing Date. The case should be dismissed under 11 U.S.C. § 707(a)(3). The Debtor has failed to take any steps to disclose his financial affairs in this case.

13. Further, as demonstrated in the Pace Debtor's case, the Debtor appears to have improperly used property of the estate. His personal funds, which he acknowledged using in the Pace Debtor's case, would constitute property of the estate if he received these funds prior to the Filing Date. Because of this, the United States Trustee requested that the Debtor sign the Stipulation dismissing his case with prejudice.

14. On August 6, 2008, certain creditors filed a motion requesting a Bankruptcy Rule 2004 order (the "2004 Application"), alleging that the Debtor has been involved in certain "scams." See 2004 Application at par. 9. The 2004 Application is on for presentment on August 22, 2008. The United States Trustee is requesting a hearing date of the Dismissal Motion in mid-September 2008 with a view to allow a reasonable amount of time for the discovery to go forward and for the creditors to present such facts as they deem appropriate in response to the Dismissal Motion.

15. Further, as a condition to the Stipulation, the United States Trustee requested that the Debtor provide a full list of creditors, a copy of which is attached as Exhibit E. The United States Trustee is serving the Dismissal Motion on all the creditors

5

appearing in the Pace Debtor's case and this case, and notice only upon all other creditors.

WHEREFORE, the United States Trustee requests the Court's approval of the Stipulation and the dismissal of the Debtor's case.

Dated: New York, New York
       August 8, 2008

                        DIANA G. ADAMS
                        UNITED STATES TRUSTEE

By:   */s/ Greg M. Zipes*
      Greg M. Zipes
      Trial Attorney
      33 Whitehall Street, 21st Floor
      New York, New York 10004
      Tel. No. (212) 510-0500
      Fax. No. (212) 668-2255

6