Presentment Date: August 22, 2008 at 12:00 p.m.
Objection Deadline: August 18, 2008 at 4:00 p.m.

**LOWENSTEIN SANDLER PC**
Bruce S. Nathan (BN 4844)
Bruce Buechler (BB 0324)
David M. Banker (DB 3278)
Stefan B. Kalina (SK 8535)
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 262-6700

Counsel to Summa Capital Corp.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------ X
In re:                                            Case No. 08-12667 (AJG)

Boaz Bagbag,

         Debtor.                                  Chapter 7
------------------------------------------------------ X

**JOINDER OF SUMMA CAPITAL CORP. IN APPLICATION FOR ORDER PURSUANT TO FED. R. BANKR. P. 2004 AUTHORIZING EXAMINATIONS AND ISSUANCE OF <u>SUBPOENAS AS RELATED TO CLAIMS AGAINST DEBTOR BOAZ BAGBAG</u>**

Summa Capital Corp. ("Summa"), by and through its counsel, Lowenstein Sandler PC, hereby joins in the application by Asher Alcobi, Roni Abudi, Uzi Evron and Doron Kessel (collectively, the "Movants") for an Order Pursuant to Fed. R. Bankr. P. 2004 authorizing examinations and the issuance of subpoenas as related to claims against the above-captioned Debtor (the "Rule 2004 Request")[Docket No. 10], and respectfully represents as follows:

**BACKGROUND**

1.    The Debtor is an officer and director of Pace Product Solutions, Inc. ("Pace"), a seller and distributor of auto parts, who simultaneously with the filing of the above-captioned case, filed its own Chapter 11 case (Case No. 08-12666 (MG). Said case was

subsequently converted to Chapter 7 by Order dated July 24, 2008. Albert Togut was appointed interim Chapter 7 Trustee for Pace (the "Pace Trustee").

A. <u>Pace's Secured Financing Arrangement with Summa and the Debtor's Guaranty</u>

2. Summa and Pace were parties to a commercial financing arrangement by which Summa had continuously made working capital advances to Pace based on Pace's eligible accounts receivable and inventory. Their arrangement was memorialized in a "Financing Agreement" executed by Pace dated January 10, 2006, as amended (the "Financing Agreement").

3. The Debtor executed and delivered to Summa his unconditional guaranty of payment of all of Pace's obligations to Summa under the Financing Agreement and executed the Financing Agreement as Pace's President.

4. As collateral security for Pace's payment of all of its obligations to Summa under the Financing Agreement, Pace granted Summa a security interest via certain security agreements in virtually all of Pace's assets, as follows:

> All present and future accounts and contract rights, including all related documents, instruments and chattel paper, and all present and future general intangibles;
>
> All present and hereinafter acquired inventory of debtor, wherever located, including raw materials, work in process, finished goods, finished merchandise, and wrapping, packing and shipping materials;
>
> All present and hereinafter acquired equipment of debtor, machinery, fixtures, vehicles, furniture, tools, discs, jigs and attachments, wherever located, together with all additions, replacements, accessions and improvements, thereto; and
>
> Proceeds of all the foregoing

(collectively, the "Collateral").

5. Pursuant to the above agreements and a duly filed UCC-1 Financing Statement, Summa holds a first priority properly perfected security interest in the Collateral.

6. On July 16, 2008, Summa filed a motion in the Pace bankruptcy seeking the entry of an order granting relief from the automatic stay and for related relief (the "Stay Relief Motion")[Pace Docket No. 3].

7. On July 31, 2008, after Pace's bankruptcy case had been converted to Chapter 7, Judge Glenn entered the Stipulation and Order Modifying Stay to Permit Foreclosure by Summa Capital Corporation and Other Relief, which, with the Pace Trustee's consent, among other things, modified the automatic stay pursuant to 11 U.S.C. § 362 to allow Summa to take all actions necessary to enforce its security interest in the Collateral, collect accounts receivable, sell inventory, equipment and other Collateral, and apply all net proceeds, after payment of Summa's expenses, attorneys' fees and other costs, in reduction of Summa's claim.

8. On August 8, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") filed the Application of the U.S. Trustee for Approval of Stipulation and Proposed Order Dismissing Debtor's Chapter 7 Case [Docket No. 11] (the "Dismissal Motion"). The Dismissal Motion argues that "dismissal with prejudice is appropriate based on the failure of the Debtor to provide information relating to his financial condition in connection with the filing of the Chapter 7 petition in this case, coupled with the Debtor's conduct suggestive of an improper transfer of estate assets." Dismissal Motion, p. 2.

9. The Rule 2004 Request also asserts that "the Movants have reason to believe that the Debtor has secreted or has fraudulently transferred assets that may be available to creditors in this case" and "believe that as head of Pace, the Debtor dissipated at least $1,000,000.00 in Pace's assets and receivables, and has as well used corporate monies for personal purposes and for gifts to others . . . [and] they know of transfers of his personal investments in real estate that have been transferred to others for what appears to be no consideration, as well as sources of income from real estate and other investments that the Debtor has not and will not, absent being under oath, disclose." Rule 2004 Request, ¶ 7.

10. In the Dismissal Motion, the U.S. Trustee requested a hearing date in mid-September 2008 "with a view to allow a reasonable amount of time for the discovery to go forward

and for the creditors to present such facts as they deem appropriate in response to the Dismissal Motion."

## JOINDER

11. Summa hereby joins in the Rule 2004 Request and respectfully requests that the Court enter the revised proposed Order attached hereto as Exhibit "A." The attached Order provides for Summa's right to issue subpoenas and request documents in connection with the deposition of the Debtor and the parties listed on Exhibit "A" to the Rule 2004 Request, and/or for Summa to conduct oral examinations and make document requests at Movants' depositions, and for Summa to receive any and all documents produced in connection with requests made by the Movants.

12. The scope of Summa's examination and document requests includes that which has been requested in the Rule 2004 Request, and also specifically includes, but is not limited to: whether and the extent to which the Debtor acting individually and/or in his capacity as shareholder, officer, director, and/or employee of any and all non-Debtor entities, including, without limitation, Pace (collectively, the "Non-Debtor Entities"), possesses and/or possessed, obtained, used, sold, assigned, transferred, interfered, conveyed and/or otherwise disposed, in any fashion, the Collateral and/or the proceeds thereof from January 1, 2006 to the Present; the name, status, and location of any and all Non-Debtor Entities; whether and the extent to which the Non-Debtor Entities possess and/or possessed, obtained, used, sold, assigned, transferred, interfered, conveyed and/or otherwise disposed, in any fashion, the Collateral and/or the proceeds thereof from January 1, 2006 to the Present; the Debtor's assets and liabilities; and whether and the extent to which the Debtor has transferred assets into or out of his name.

## CONCLUSION

13. For the reasons set forth in the Rule 2004 Request, the Court should grant the relief set forth in the attached proposed Order.

## WAIVER OF FILING OF MEMORANDUM OF LAW

14. As this Joinder presents no novel issues of law, Summa requests that the Court waive the requirement of S.D.N.Y. L.B.R. 9013-1(b) requiring the filing of a separate memorandum of law.

## NOTICE

15. This Joinder is being served electronically on counsel for the Movants and counsel for the Debtor, each of whom have consented to notice by electronic case filing in the Debtor's case. This Joinder is also being served on the United States Trustee for the Southern District of New York, with a courtesy copy to Chambers. A copy of this Joinder will have also been received by all parties who have consented to notice by electronic case filing in the Debtor's case.

WHEREFORE, Summa respectfully requests that the Court enter the Order attached hereto granting the Rule 2004 Request, including the relief requested herein.

Dated:    New York, New York
          August 18, 2008

**LOWENSTEIN SANDLER PC**

By /s/ David M. Banker
Bruce S. Nathan (BN 4844)
Bruce Buechler (BB 0324)
David M. Banker (DB 3278)
Stefan B. Kalina (SK 8535)
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 262-6700

Counsel to Summa Capital Corp.