LAW OFFICE OF ROBERT J. GUMENICK, PC
Robert J. Gumenick (RG 4199)
160 Broadway
Suite 1100
New York, New York   10038
Tel.: (212) 608-7478

Counsel to Uzi Evron, Roni Abudi, Doron Kessel and
Asher Alcobi

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
In re:

                                    Case No.: 08-12667 (AJG)

Boaz Bagbag,

                                    Chapter 7

                Debtor.
------------------------------------------------------------X

**RESPONSE TO DEBTOR'S OBJECTION TO MOVANTS' MOTION PURSUANT TO FED. R. BANKR. P. 2004 AUTHORIZING EXAMINATIONS AND ISSUANCE OF SUBPOENAS AS RELATED TO CLAIMS AGAINST DEBTOR BOAZ BAGBAG**

      Uzi Evron, Roni Abudi, Doron Kessel andAsher Alcobi ("Movants"), creditors and parties-in-interest in the above-captioned case, by and through their attorney Robert J. Gumenick, Esq., as and for their response to the Debtor's objection to their motion for entry of an Order, pursuant to Fed. R. Bankr. P. 2004, authorizing Movants to conduct examinations of and to issue subpoenas to compel the production of documents as related to claims against the Debtor Boaz Bagbag, respectfully allege as follows:

### ARGUMENT

1.     The Debtor's objection to the instant motion does not articulate any policy or legal reason why the movants should be deprived of the ability to avail themselves of the statutory rights under Rule 2004 of the Federal Rules of Bankruptcy Procedure.

2.     In opposition to the motion, the Debtor relies entirely on circumstances unrelated to

        the Bankruptcy Code in his attempt to argue that the movants should not have an opportunity to pursue their interests where the Debtor voluntarily submitted himself to the jurisdiction of this Court.

3. While the Debtor asserts that he is entitled to a "do-over" after he failed to achieve his objectives in this case and a related case filed on behalf of the Debtor's business (In re: Pace Product Solutions, Inc., Case No. 08-12666 (AG)), it is urged that the Court not permit the Debtor to avoid Rule 2004 examinations simply because the Debtor now views this forum as an unattractive place to be.

4. The Court should not align itself or approve the Debtor's misuse of the bankruptcy process. It is unfair and inequitable for the Debtor to "try out" for bankruptcy and when faced with a losing situation, simply allow for the Debtor to disappear. The Debtor's knew or should have known that by filing its cases, it made itself available to examination by creditors in the 341(a) meetings as well as in the Rule 2004 context.

5. The Debtor failed to attend its 341(a) meeting on August 14, 2008. While the Debtor has so far neither filed schedules or attended the 341(a) meeting, and has up to now avoided his primary obligation of disclosure in the administration of his cases, given the allegations made in the Movant's application, the Movants have shown good cause why Rule 2004 examinations will be meaningful and the Court should permit the Movants to investigate the Debtor's financial affairs.

6. The Debtor misstates the position of the United States Trustee with respect to the proposed stipulation of dismissal. First of all, the Stipulation is not an order until approved by the Court, which has not yet occurred. The Stipulation will not be

before the Court until September 17, 2008.   The United States Trustee specifically referred to the instant motion in its application and indicated that its motion was made returnable on a date far enough into the future to allow the movants to conduct their examinations.

7. To the extent that the Debtor uses the Fifth Amendment as a shield to Rule 2004 examinations, this issue is not ripe and should be reserved if there are specific instances where the Debtor believes that the same may apply.

8. The Movants have no objection to the Joinder of Summa Capital Corp. heretofore filed in this matter.

9. For the foregoing reasons, it is respectfully urged that the motion be granted.

Dated: New York, New York
       September 2, 2008

        LAW OFFICE OF ROBERT J. GUMENICK, PC

        By: _____
           Robert J. Gumenick (RG 4199)
           160 Broadway
           Suite 1100
           New York, New York    10038
           (212) 608-7478

        Counsel to Uzi Evron, Roni Abudi, Doron Kessel and Asher Alcobi