**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
In re:                                                                    Chapter 7

    Boaz Bagbag                                       Case No. 08-12667 (AJG)


                           Debtor
------------------------------------------------------------X

## SCHEDULING ORDER

      This matter having come before the Court upon the Motion to Dismiss filed by the Office of the United States Trustee on August 8, 2008 (the "Motion"), the Rule 2004 Order Authorizing Examinations and the Issuance of Subpoenas entered on September 8, 2008 (the "Rule 2004 Order"), and the Response to the Motion filed by Uzi Evron, Roni Abudi, Doron Kessel and Asher Alcobi (collectively, the "Creditors") on November 18, 2008 (the "Creditors' Objection"), and the Court having issued an Order from the bench on December 26, 2008 directing that the parties agree to a proposed Scheduling Order setting forth the time periods within which to provide responses to all outstanding discovery required by the Rule 2004 Order, and the parties having been unable to reach such an agreement, it is hereby

      **ORDERED**, that the debtor, Boaz Bagbag (the "Debtor"), shall appear to be examined at the office of the Chapter 7 Trustee, Alan Nisselson (the "Chapter 7 Trustee"), on January 13, 2008, at 10:00 a.m.  Annexed hereto as Exhibit "A" is a true and correct copy of the letter from the Chapter 7 Trustee's office setting forth the date and time of the examination; and it is further

      **ORDERED**, that the attorney for the Creditors, Robert J. Gumenick, Esq. ("Creditors' Counsel") may depose the Debtor once the Chapter 7 Trustee's examination concludes on this same date for up to an additional four (4) hours.  Said deposition shall proceed immediately after

the deposition by the Chapter 7 Trustee or, if necessary, be continued on January 14, 2008 at 10:00 a.m.  The Court notes that the Creditors time to depose the Debtor is limited as set forth herein due to the previous deposition of the Debtor on November 12, 2008 for over eight (8) hours; and it is further

**ORDERED**, that the Debtor shall provide all outstanding responses and information that he could not recall at the November 12, 2008 deposition within fifteen (15) days after receiving a copy of the transcript from Creditors' Counsel with the appropriate portions left blank for such answers to be filled in, as per the agreement reached on the record between Creditors' Counsel and the Debtor at said deposition; and it is further

**ORDERED**, that the Debtor shall provide copies of any documents requested by the Chapter 7 Trustee within fifteen (15) days of a written request for the same, provided the documents are in the Debtor's actual possession.  If any documents requested are not in the Debtor's actual possession, then the Debtor shall provide a description of the location and contents of the documents, the status of his attempts to obtain them and an authorization to the Chapter 7 Trustee permitting him to obtain the documents from the person or entity that is in actual possession of them within that same time period.  The Chapter 7 Trustee shall further be authorized to immediately issue subpoenas duces tecum to any parties that are in possession of the documents and any party so receiving a subpoena shall provide the documents specified therein within fifteen (15) days or provide a written explanation as to why they can not do so. The Court notes that the Debtor is not in actual possession of the vast majority of his records because they were located at 122 School Street, Yonkers, New York, and all documents in that premises were ordered to be turned over and are now under the control of Albert Togut, Esq., the

Chapter 7 Trustee appointed to administer the Pace Product Solutions, Inc. bankruptcy proceeding, with Case Number 08-126666 (MG); and it is further

**ORDERED**, that the Debtor shall continue to supplement his response to the document demands that have been served on him by the Creditors and Summa Capital Corp. pursuant to the Rule 2004 Order.  The Chapter 7 Trustee and Creditors' Counsel shall be authorized to immediately issue subpoenas duces tecum to any parties or entities that are said to be in possession of the documents requested therein.  Any party receiving a subpoena shall provide those documents within fifteen (15) days or provide a written explanation as to why they can not do so.  Annexed hereto as Exhibit "B" is a true and correct copy of the Document Request filed by Summa Capital Corp.  Annexed hereto as Exhibit "C" is a true and correct copy of the Debtor's Response to that Document Request.  Annexed hereto as Exhibit "D" is a true and correct copy of the Creditors' Demand for Production and letters supplementing that demand ("Creditors' Document Demands").  Annexed hereto as Exhibit "E" is a true and correct copy of the Debtor's Response to the Creditors' Document Demands; and it is further

**ORDERED**, that in accordance with the Creditors' Document Demands, Creditors' Counsel shall be authorized to issue subpoenas duces tecum to any other persons or entities that may be in possession of documents and records of the Debtor, including, but not limited to, credit card companies, finance companies, telephone service providers, computer security software providers, insurance companies, financial institutions and/or any other entity that may possess documents evidencing the Debtor's assets, liabilities or financial affairs; and it is further

**ORDERED**, that in accordance with the Creditors' Document Demands and Creditors' Objection, Creditors' Counsel shall be authorized to issue subpoenas duces tecum to JP Morgan Chase Bank for all of the Debtor's personal and business banking records; and it is further

**ORDERED**, that Creditors' Counsel and the Chapter 7 Trustee are authorized issue subpoenas duces tecum and subpoenas ad testificandum to each of the parties that were named in the Creditors Objection and who were authorized to be deposed pursuant to the Rule 2004 Order, specifically Shimon Avitan, Jeffrey M. Janklovits, Jim Matta and Ruby Abramov a/k/a Rabah Abramov, as well as Drori Benamin, and that each of these parties shall appear to be examined and/or provide responses to the subpoenas duces tecum within thirty (30) days thereafter or be in violation of this Order and subject to contempt of this Court, in addition to any other penalties available at law; and it is further

**ORDERED**, that Creditors' Counsel shall not be permitted to issue subpoenas against, nor compel the testimony of, any of the parties listed in Paragraph B of the first proposed Scheduling Order or in the email sent by Creditors' Counsel on December 9, 2008, except as set forth above. A true copy of the first proposed Scheduling Order is annexed hereto as Exhibit "F". A true copy of the email from Creditors' Counsel adding parties to be deposed is annexed hereto as Exhibit "G". The Court notes that none of these parties were listed in the Rule 2004 Order or the Creditors' Objection to the Motion, that the Debtor has had no opportunity to contest the necessity for subjecting these parties to examination and that these depositions would be far more burdensome and costly than beneficial to the creditors of the bankruptcy estate. In addition to the many other individuals and entities named therein, Creditors' Counsel can not subpoena any of the following persons:

a) Debtor's ex-girlfriends, Gitty Leiner, Sharan Aharoni, Simcha Lyons and Starr Haymes, none of whom the Debtor has had a relationship with for over two (2) years;

b) Debtor's ex-wife, Jacqueline Lewis, who Creditors' Counsel has already deposed despite never receiving authorization from the Court;

4

    c)  Asher Alcobi, who was originally listed as one of the creditors seeking the Rule 2004 examinations and now Creditors' Counsel is seeking to depose;

    d)  Debtor's family members, including his mother, father and siblings;

    e)  Various churches, synagogues and charities; and/or

    f)  Various candidates and officials who may have received charitable contributions from the Debtor;

and it is further

**ORDERED**, that Debtor shall provide the following information and documents to Creditors' Counsel within thirty (30) days, provided that the documents are in the Debtor's actual possession. If any documents requested are not in the Debtor's actual possession, then he shall provide a description of the location and contents of the documents, the status of his attempts to obtain them and an authorization to Creditors' Counsel permitting him to obtain the documents from the person or entity that has actual possession within that same time period. Creditors' Counsel shall further be authorized to immediately issue subpoenas duces tecum to any parties that are in possession of the documents and any party so receiving a subpoena shall comply with the same within fifteen (15) days or provide a written response as to why they can not do so:

    a.  The name, address and account number of all bank accounts or other locations used for the deposit, investment or safekeeping of cash or cash equivalents, such as brokerage, investment and trading institutions used by the Debtor;

    b.  A true, complete and correct copy of the Judgment of Divorce entered in the Debtor's matrimonial case, along with any other judgment(s), decrees and stipulation of settlement, any pre- or post-nuptial agreements; any child support orders and modifications

thereof; any and all financial statements or statements of financial affairs filed or prepared in relation thereto, any notice of garnishment or attachment for child support of alimony, pleadings or proceedings and orders in any action or proceeding commenced with respect to Debtor's obligations under the aforesaid matters and copies of any outstanding support judgments or orders;

    c. The business and/or residence address and name, if applicable, of the following individuals: Shimon Avitan, Drori Benamin and Rabah Abramov.

    d. The location or custodian of any safe deposit boxes, vaults, safes, strongboxes or other depository of any assets of the Debtor or his businesses;

    e. The leases for apartments 7E and 3J at 435 East 79th Street, New York, New York and name, address, telephone number and contact person of the management agent for said apartments; and

    f. Lease and financing agreement for Debtor's automobile.

    g. All documents relating to VIP Car Services, Inc., the location of the assets of that corporation and all other related information requested by the Creditors.

and it is further

**ORDERED**, that the Creditors, the Chapter 7 Trustee, the United States Trustee, the Debtor or any other person or entity that receives a subpoena as authorized herein shall notify the Court by letter of any dispute with respect to the terms of this Order and request appropriate action by the Court; and it is further

**ORDERED**, that a compliance conference is hereby scheduled for _____ , 2008.

Dated: New York, New York
       December _____ , 2008

                                          _____
                                          HONORABLE ARTHUR J. GONZALEZ
                                          UNITED STATES BANKRUPTCY JUDGE