**LAW OFFICES OF DANIEL M. KATZNER, PC**
Daniel M. Katzner (DK9689)
1025 Longwood Avenue
Bronx, NY 10459
Tel.: (718) 589-3999

Counsel for the Debtor

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:                                                                     Chapter 7

Boaz Bagbag                                                       Case No. 08-12667 (AJG)

                                       Debtor
-----------------------------------------------------------X

**DEBTOR'S OBJECTION TO THE APPLICATION OF J.P. MORGAN CHASE BANK,
N.A. TO EXTEND THE TIME TO OBJECT TO DISCHARGE AND
DISCHARGEABILITY UNDER BANKRUPTCY CODE §§ 523 AND 727**

      The debtor, Boaz Bagbag (the "Debtor"), by and through his counsel, The Law Offices of Daniel M. Katzner, P.C., as his objection to the application of the creditor, J.P. Morgan Chase Bank, N.A. ("Chase") for entry of an order pursuant to Rules 4004(b) and 4007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the time to object to discharge of the Debtor and/or to determine the dischargeability of debts under Sections 523 and 727 of Title 11 of the United States Code, Section 101 *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code"), respectfully represents as follows:

## BACKGROUND

1. The Debtor commenced this case by the filing of a Voluntary Petition under Chapter 7 of the Bankruptcy Code on July 10, 2008.

2. On or about August 7, 2008, the Debtor entered into a stipulation with U.S. Trustee to voluntarily dismiss this case without discharge and with prejudice for a period of eighteen (18) months (the "Stipulation"). The U.S. Trustee then filed a Motion to Dismiss on August 8, 2008.

3. On or about September 8, 2008, this Court entered an Order pursuant to Rule 2004 of the Bankruptcy Rules permitting Uzi Evron, Roni Abudi, Doron Kessel, Asher Alcobi and Summa Capital Corp. (collectively, the "Active Creditors"), to conduct examinations, issue subpoenas and compel the production of documents from the Debtor and other related parties.

4. On or about November 26, 2008, the Court adjourned its ruling on the U.S. Trustee's Motion to Dismiss in order to provide the Active Creditors and the Chapter 7 Trustee, Alan Nisselson (the "Chapter 7 Trustee") with additional time to examine the Debtor and obtain responses to all outstanding discovery requests.

5. The Debtor, the Active Creditors and the Chapter 7 Trustee thereafter negotiated a proposed Scheduling Order that was signed by the Court on or about December 23, 2008, which set forth the time periods within which the remaining discovery was to be concluded.

6. On or about September 4, 2008, the Debtor entered into a So-Ordered stipulation extending the time for the Chapter 7 Trustee, the U.S. Trustee and all creditors to object to the discharge of the Debtor, the dischargeability of debts, any claimed exemptions and to dismissal (the "bar date") from October 14, 2008 to December 16, 2008.

7.   On or about December 4, 2008, the Debtor entered into another So-Ordered stipulation extending the bar date for the Chapter 7 Trustee and U.S. Trustee to March 16, 2009.

8.   On or about December 10, 2008, the Debtor entered into a Stipulation with the Active Creditors that also extended their bar date to March 16, 2009.

9.   The bar date for Chase and all other creditors expired on December 16, 2008.

10.   No other requests were made by any creditors to extend the bar date until the attorneys for Chase left several messages for the Debtor's counsel on December 15, 2008. This was the first contact received from Chase and none of these messages were heard by Debtor's counsel until December 16, 2008.

**OBJECTION**

11.   The law is well settled that in a Chapter 7 case, "a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." *In re Nowinski*, 291 B.R. 302, 305 (Bankr. S.D.N.Y. 2003); *In re Davis*, 195 B.R. 422, 424 (Bankr. W.D. Mo. 1996). Bankruptcy Rule 4004(b)[1] and 4007(c)[2] allow the court to extend the time to file a complaint objecting to discharge of the debtor or to the dischargeability of any debt upon the motion of any party in interest for cause.

12.   The determination of what constitutes "cause" is within the Court's discretion. *In re Nowinski*, 291 B.R. at 305; *In re Farhid*, 171 B.R. 94, 96 (N.D. Cal. 1994). In determining

---

[1] Fed. R. Bankr. P. 4004(b) states that "on motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired."

[2] Fed. R. Bankr. P. 4007(c) likewise provides that "on motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired."

3

whether to exercise its discretion, however, courts have uniformly required that creditors and trustees demonstrate that they have exercised due diligence prior to the bar date in gathering necessary facts and supporting documents to determine if a good faith basis exists to object to a discharge or the dischargeability of a debt. See *In re Desiderio*, 209 B.R. 342 (Bankr. E.D. Pa. 1997); *In re Mendelsohn*, 203 B.R. 831 (Bankr. S.D.N.Y. 1996); and *In re Farhid*, 171 B.R. at 96.

13. Bankruptcy Courts in New York have generally employed a totality of the circumstances approach and consider all relevant facts and circumstances, including, but not limited to: (1) whether the creditor had sufficient notice of the deadline and the information to file an objection; (2) the complexity of the case; (3) whether the creditor exercised diligence; (4) whether the debtor refused in bad faith to cooperate with the creditor; and (5) the possibility that proceedings pending in another forum will result in collateral estoppel on the relevant issues. *In re Nowinski*, 291 B.R. at 305-06.

14. Applying these factors to the present case, Chase does not assert anywhere in its moving papers that it did not have actual or constructive notice of the objection deadline. Chase was mailed an Official Bankruptcy Notice by the Court on or about July 17, 2008, which set forth both the original bar date and all relevant information about this proceeding. Knowledge of the pending Chapter 7 bankruptcy has been held to amount to actual knowledge of the objection deadline. *GAC Enterprises, Inc. v. Medaglia (In re Medaglia)*, 52 F.3d 451, 457 (2d. Cir. 1995).

15. Chase clearly also had actual knowledge of extended bar date as these motion papers were filed the day before that deadline.

16.     The second factor also favors the Debtor as this is a straightforward Chapter 7 liquidation containing little complexity with regard to the parties involved in this motion. *In re Leary*, 185 B.R. 405, 406 (Bankr. D. Mass. 1995). Chase does not contend in its application that this case is more complex than the any other Chapter 7 bankruptcy and even notes that there were no questions of fact raised in the prior court proceeding. Chase states that this debt arose from the Debtor's guarantee of a loan to Mazal Hai Auto Parts, Inc., which was the business the Debtor owned prior to operating Pace Product Solutions, Inc., and does not state there is any question as to its validity.

17.     Rather, Chase's only contention is that it could not evaluate its situation and determine whether to pursue Rule 2004 Examinations because of the late filing of the Debtor's Schedules and Statement of Financial Affairs. Chase neglects to set forth any reason why its position has changed due to the information contained in those Schedules or why it waited so long to request information from the Debtor.

18.     It should also be noted that the only reason the Debtor did not file his Schedules was due to the belief that this case would be dismissed in accordance with the stipulation entered into with the U.S. Trustee. As soon as the Court adjourned the U.S. Trustee's Motion to Dismiss and the Chapter 7 Trustee requested the Schedules and Statement of Financial Affairs be filed, the Debtor promptly did so.

19.     As to the third factor, many courts have held that an extension of time to object to discharge is not warranted where the party seeking the extension fails "to diligently pursue discovery prior to expiration of the deadline." *In re Grillo*, 212 B.R. 744, 747 (Bankr. E.D.N.Y. 1997). In exercising diligence, it has been held that a creditor should demonstrate that it has attended the Section 341(a) meeting and sought an order to examine or obtain documents from

the debtor pursuant to Rule 2004. *In re Mendelsohn*, 202 B.R. 831, 832 (Bankr. S.D.N.Y. 1996); see also *In re Nowinski*, 291 B.R. at 306; *In re Farhid,* 171 B.R. at 97. The failure to so act will result in a finding that cause does not exist. *See id.*

20. Chase did not attend any of the Section 341(a) Meetings that have been held in this case, nor has it made any requests from the Debtor for documents or information.

21. Chase also neglected to file this application until the day before the bar date and did not even attempt to contact the Debtor's attorney to seek a stipulation agreeing to the relief sought herein until that same day. This is clear evidence of a failure to exercise due diligence and this factor should weigh heavily in the Debtor's favor.

22. Failure to exercise diligence may also occur when the party seeking an extension moves for an examination of and production of documents by the debtor, but fails to make the request in a timely manner. See e.g., *In re Leary*, 185 B.R. at 406; *In re Dekelata*, 149 B.R. 115, 117 (Bankr. E.D. Mich. 1993).

23. Chase states that if this application is granted, it will promptly move for Rule 2004 Examinations. This means that Chase still has not actually moved for that relief. This also does not take into account the fact that the Debtor has already been deposed by the Active Creditors and is required by the Scheduling Order to attend additional examinations by the Chapter 7 Trustee and Active Creditors. To impose another set of Rule 2004 Examinations, especially after the significant amount of time and effort that went into negotiating the Scheduling Order, would be highly prejudicial to the Debtor.

24. As to the fourth factor, Chase makes no allegations that the Debtor failed to cooperate with it, let alone refused to cooperate in bad faith. *In re Nowinski*, 291 B.R. 302. Chase has not asked for any information or documents from the Debtor, nor has the Debtor taken

6

any steps to curtail any such requests. The Debtor has cooperated with the Chapter 7 Trustee, the U.S. Trustee and the Active Creditors by appearing for examinations and providing them with the documents in his possession. Chase would have been extended this same courtesy if it had timely acted and has no basis to allege otherwise.

25. Finally, there are no other proceedings pending in other Court's whose resolution would result in collateral estoppel on any relevant issues. See *In re Weinstein*, 234 B.R. 862, 866 (Bankr. E.D.N.Y. 1999).

26. The Debtor also objects to Chase's application based on its failure to have the hearing scheduled in a timely manner. As the bar date for Chase has already passed and the hearing on this application will not be heard until on or about January 14, 2008, the deadline to move for an extension has already expired.

## WAIVER OF FILING OF MEMORANDUM OF LAW

27. As the application and this Objection present no novel issues of law, the Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to S.D.N.Y. L.B.R. 9013-1(b).

For all the foregoing reasons, the Debtors respectfully request that this Court deny Chase's Application.


Dated: Bronx, New York
       January 7, 2009

/s/ Daniel M. Katzner
Daniel M. Katzner, Esq. (DK9689)
Counsel for the Debtor
1025 Longwood Avenue
Bronx, NY 10459
Tel.: (718) 589-3999

7