# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re: BAGBAG, BOAZ                              § Case No. 08-12667-AJG
                                                 §
                                                 §
Debtor(s)                                        §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on July 10, 2008. The undersigned trustee was appointed on July 14, 2008.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554  An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of        $         1,750.04

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim distribution | 0.00 |
   | Administrative expenses | 1.29 |
   | Bank service fees | 50.00 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of [1] | $         1,698.75 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 08/12/2009 and the deadline for filing governmental claims was 01/06/2009. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $437.51. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $211.71, for a total compensation of $211.71.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $556.97, for total expenses of $556.97.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/10/2011        By: /s/Alan Nisselson, Trustee
                            Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

Page: 1

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 08-12667-AJG  
**Case Name:** BAGBAG, BOAZ  

**Trustee:** (521090) Alan Nisselson, Trustee  
**Filed (f) or Converted (c):** 07/10/08 (f)  
**§341(a) Meeting Date:** 08/14/08  

**Period Ending:** 10/10/11  
**Claims Bar Date:** 08/12/09  

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Cash held by Debtor | 20.00 | 0.00 | DA | 0.00 | FA |
| 2 | Security deposit w/ landlord: 304 East 78th Stre | 1,800.00 | 0.00 | DA | 0.00 | FA |
| 3 | Misc. household goods | 475.00 | 0.00 | DA | 0.00 | FA |
| 4 | Cooking utensils & tableware | 175.00 | 0.00 | DA | 0.00 | FA |
| 5 | Misc. household electronics | 600.00 | 0.00 | DA | 0.00 | FA |
| 6 | Misc. used clothing | 400.00 | 0.00 | DA | 0.00 | FA |
| 7 | Gold Watch | 100.00 | 0.00 | | 1,750.00 | FA |
| 8 | Loan to Pace Product Solutions, Inc. (08-12666 M | 10,000.00 | 7,520.00 | DA | 0.00 | FA |
| 9 | Various lawsuits filed by Debtor | 5,000.00 | 5,000.00 | DA | 0.00 | FA |
| 10 | 2005 Cadillac Escalade (200,000 miles) (automobi | 9,825.00 | 7,425.00 | DA | 0.00 | FA |
| 11 | Life Insurance Policy Hanover Insurance Group | 0.00 | 0.00 | DA | 0.00 | FA |
| 12 | Stock held in Pace Product Solutions, Inc. | 0.00 | 0.00 | DA | 0.00 | FA |
| 13 | Stock held in Worldwide Auto Parts, Inc.<br>    wholly owned subsdiary of Pace Product Solutions, Inc. | 0.00 | 0.00 | DA | 0.00 | FA |
| 14 | Stock held in Mazal Hai Auto Parts, Inc. | 0.00 | 0.00 | DA | 0.00 | FA |
| 15 | Stock held in VIP Car Service, Inc. | 0.00 | 0.00 | DA | 0.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 0.04 | Unknown |
| 16 | **Assets** Totals (Excluding unknown values) | **$28,395.00** | **$19,945.00** | | **$1,750.04** | **$0.00** |

**Major Activities Affecting Case Closing:**

(I) Procedural Background

1. On July 10, 2008 (the "Petition Date"), Boaz Bagbag (the "Debtor"), filed a voluntary petition for relief under chapter 7, title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

2. Thereafter, the United States Trustee (the "UST") appointed Alan Nisselson as interim trustee of the Debtor's estate (the "Estate") pursuant to Bankruptcy Code §701 (a). The Trustee qualified and is serving as permanent trustee pursuant to Bankruptcy Code §702 (d).

3. Upon application of the Trustee and by Order dated December 10, 2008, Windels Marx was retained as counsel to the Trustee. (Doc. No. 38).

Printed: 10/10/2011 10:01 AM    V.12.57

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

| | | |
|---|---|---|
| Case Number: 08-12667-AJG | Trustee: | (521090) Alan Nisselson, Trustee |
| Case Name: BAGBAG, BOAZ | Filed (f) or Converted (c): | 07/10/08 (f) |
| | §341(a) Meeting Date: | 08/14/08 |
| Period Ending: 10/10/11 | Claims Bar Date: | 08/12/09 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) DA=§554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

4. Upon application of the Trustee and by Order dated January 10, 2008, the Trustee was authorized to retain David R. Maltz & Co., Inc. ("Maltz", or, the "Auctioneers") as his auctioneers for the purpose of liquidating the Debtor's Rolex watch, more fully discussed below. (Doc. No. 114).

(II) Funds Collected and Distributed By The Trustee

5. As of October 6, 2011, the Trustee has collected a total of $1,750.04 comprised of: (i) the proceeds of an auction sale of the Debtor's Rolex watch (described below); and (ii) interest in the amount of $0.04.

6. As of the date of this Application, the Trustee has disbursed a total of $51.29 as follows: (i) $1.29 for the Estate's pro rata share of the Trustee's annual blanket bonds; and (ii) $50.00 for bank and technology fees.

7. As of October 6, 2011, the amount held by the Trustee in his Trustee's accounts for the Debtor's estate is $1,698.75.

(III) Claims Filed In the Debtor's Case

8. Upon request of the Trustee, the Court established August 12, 2009 (the "Bar Date") as the last date for non-Governmental entities to file proofs of claim in the Debtor's case. (Doc. Nos. 65, 69 and 71).

9. Twenty (20) claims totaling $4,651,875.51 (the "Claims") have been filed in the Debtor's case. As set forth below, the Debtor's estate is administratively insolvent and, accordingly, the Trustee reviewed the Claims only to verify the priority claimed.

(IV) Case Status

10. The Trustee has collected and liquidated all assets in the Debtor's estate deemed to have value. There are no pending or unresolved matters in this case in the Debtor's case.

11. The Trustee has prepared his Final Report and Account (the "TFR").

12. Windels Marx and Maltz have prepared their respective applications for final allowance and payment of professional fees and expenses. Windels Marx has voluntarily reduced its request for fees from $24,562.50 to $1,000.00.

13. Unfortunately, the Debtor's estate is administratively insolvent. The Trustee's commissions and expense and the fees and expenses requested by Windels Marx and Maltz (collectively, the "Administrative Professional Claims") far exceed the balance available in the Trustee's accounts.

14. In the TFR, the Trustee proposes that the Administrative Expense Claims' holders receive an approximate 48% pro rata distribution and that the Claims' holders will not receive a distribution.

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

| Case Number: | 08-12667-AJG | | Trustee: | (521090) | Alan Nisselson, Trustee |
| Case Name: | BAGBAG, BOAZ | | Filed (f) or Converted (c): | 07/10/08 (f) | |
| | | | §341(a) Meeting Date: | 08/14/08 | |
| Period Ending: | 10/10/11 | | Claims Bar Date: | 08/12/09 | |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) DA=§554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

15. The Estate is ready to be closed.

(V) Services Provided

a) The Investigation of the Debtor.

16. Shortly after the Trustee's appointment, Robert J. Gumenick, Esq., attorney for creditors Roni Abudi, Asher Alcobi, Uzi Evron and Doron Kessel (the "Movants"), contacted the Trustee to discuss the Debtor's case and to alert the Trustee to his interest in the case.

17. On or about August 8, 2008, the UST filed with the Court an application (the "UST Rule 9019 Motion") for approval of a stipulation with the Debtor dismissing this chapter 7 case with prejudice for 18 months, based upon the Debtor's failure to file Filing Schedules, and the possibility that the Debtor, while in chapter 7, improperly transferred between approximately $10,000 and $15,000 of estate assets to a related corporation called Pace Products Solutions, Inc. ("Pace"), an auto parts retailer and a debtor in a converted chapter 7 case pending in this Court under Case No. 08-12666 (MG). The petition commencing the Pace case was filed simultaneously with the Debtor's case.

18. The Debtor failed to appear at his initial section 341(a) meeting of creditors scheduled for August 14, 2008. Since then, the Trustee has adjourned the creditors' meeting from time to time. By Order dated September 8, 2008, the Court authorized the Movants to investigate the Debtor's financial affairs by examining the Debtor and others under oath and to compel the production of documents. Thereafter, on or about November 18, 2008, the Movants filed a Response to the UST Rule 9019 Motion, asserting that through their discovery efforts to that date, they uncovered certain irregularities in the Debtor's financial affairs, as well as the existence of possible assets. The Movants argued that the Debtor made improper fraudulent and preferential transfers and that additional discovery was necessary.

19. The Trustee and the Firm had several conversations thereafter with representatives of the UST concerning the UST Rule 9019 Motion and the Response.
20. The Trustee and the Firm frequently received and reviewed updates from Mr. Gumenick and discussed numerous aspects of the case with him.
21. On August 6, 2008, the Movants filed an Application under Bankruptcy Rule 2004 (the "Rule 2004 Application") to compel an examination of the Debtor and production of documents form the Debtor and related entities. (Doc. No. 10).

22. As set forth in the Rule 2004 Application, the Debtor was the owner/director of Pace. Pace's case was converted to a chapter 7 case by order of the Hon. Martin Glenn dated July 24, 2008. Albert Togut is the Chapter 7 Trustee for Pace.

23. The Movants were holders of unsecured claims against the Debtor. The Movants alleged that their claims were not dischargeable under Bankruptcy Code § 523(a)(2) by reason of the misrepresentation, false pretenses and other improper acts of the Debtor. The Movants alleged that the Debtor had secreted or has fraudulently transferred assets that may have been available to the Debtor's creditors, including an automobile parts supplier with a place of business in Yonkers, New York. The Movants believed that as head of Pace, the Debtor dissipated at least $1,000,000.00 in Pace's assets and receivables, and had as well used corporate monies for personal purposes and for gifts to others. The Movants suspected that the same pattern of behavior applied to the Debtor's personal affairs, including transfers of his personal investments in real estate that have been transferred to others for what appears to be no consideration, as well of sources of income from real estate and other investments that the Debtor had not and would not, absent being under oath, disclose.

24. On August 8, 2008, Summa Capital Corp. ("Summa") a creditor of the Debtor filed a Joinder to the Rule 2004 Application. (Doc. 15). By Order dated September 8,

Exhibit A

Page: 4

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

| Case Number: | 08-12667-AJG | Trustee: | (521090) Alan Nisselson, Trustee |
|---|---|---|---|
| Case Name: | BAGBAG, BOAZ | Filed (f) or Converted (c): | 07/10/08 (f) |
| | | §341(a) Meeting Date: | 08/14/08 |
| Period Ending: 10/10/11 | | Claims Bar Date: | 08/12/09 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) DA=§554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

2008, the Rule 2004 Application was granted. (Doc. No. 21).

25. The Trustee reached an agreement with the Debtor to dismiss his case with prejudice. However, the Movants objected and the Trustee withdrew the agreement.

26. Thereafter, the Trustee, with the assistance of the Firm participated in the investigation of the Debtor. The Trustee's Firm reviewed the transcripts of Bankruptcy Rule 2004 examinations conducted by the Movants and held meetings with Mr. Gumenick to discuss his finds.

27. During this time, eight (8) stipulations with the Debtor extending the time for the Trustee and the UST to object to the discharge of the Debtor, dischargeability of debts, for objection to any claimed exemptions of property of the estate and for dismissal were submitted.

28. The Movants' investigation of the Debtor continued for over two years, during which time the Trustee, through the Firm regularly conducted discussions with Mr. Gumenick, reviewed the progress of the investigation and apprised the Trustee of its findings.

29. In June 2010, the Movants and Summa Capital Corp. entered into stipulations with the Debtor, which were approved by the Court, pursuant to which: (i) Evron, Roni Abudi and Doron Kessel, jointly and severally, were awarded a judgment against the Debtor in the amount of $229,517.76 plus post-judgment interest (Doc. No. 101); and (ii) Summa was awarded a judgment against the Debtor in the amount of $1,212,062.40 plus post-judgment interest (Doc. No. 105).

30. The Trustee conducted an investigation of the pre-Petition Date transfer of real property and funds from the Debtor to his ex-wife Jacqueline Fay Lewis and her minor children Emily Sara Lewis and Noa Michelle Lewis (collectively, the "Lewises"). Among other things, the Firm deposed the Debtor, obtained and reviewed and analyzed numerous and voluminous documents, and consulted with Debtor's counsel, Mr. Gumenick and lawyers for other creditors, as well as the Pace chapter 7 trustee, in an attempt to ascertain whether the estate had any assets and whether the Trustee could assert any grounds to object to the Debtor's discharge.

31. Unfortunately those investigations did not yield any viable causes of action against the Lewises or the Debtor in the Trustee's opinion. The Trustee consulted with the Firm, and concluded that the allegations made about the Debtor having transferred assets without consideration were not actionable, and that no viable grounds to object to the Debtor's discharge could be asserted.

b)    The Sale of the Rolex Watch

32. Despite the extensive investigation of the Debtor, the only asset the Trustee identified and collected for liquidation was the Debtor's Rolex watch (the "Rolex Watch").

33. Upon demand of the UST and the Firm, the Debtor turned over the Rolex Watch to the Trustee so that it could be sold at auction.

34. As set forth above, upon application of the Trustee and by Order dated May 5, 2011, the Trustee was authorized to retain Maltz as his auctioneer. (Doc. No. 114).

35. On April 28, 2011, the Trustee served a Notice of Sale through of Debtor's Rolex Watch. Pursuant to the Notice, an auction would be held on May 17, 2011, Objections, if any, were due May 16, 2011. No objections were filed. (Doc. No. 113).

36. On May 26, 2011, Maltz conducted the auction sale of the Rolex Watch, and received the highest and best bid in the sum of $1,750.

08-12667-mew    Doc 117    Filed 11/22/11    Entered 11/22/11 12:21:43    Main Document
Pg 7 of 14

Exhibit A

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 5

**Case Number:** 08-12667-AJG  
**Case Name:** BAGBAG, BOAZ  
**Period Ending:** 10/10/11

**Trustee:** (521090) Alan Nisselson, Trustee  
**Filed (f) or Converted (c):** 07/10/08 (f)  
**§341(a) Meeting Date:** 08/14/08  
**Claims Bar Date:** 08/12/09

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

37. On June 6, 2011, Maltz filed a Report of Sale of the Auction. (Doc. No. 115).

38. On October 7, 2011, the Trustee prepare his Final Report and Account.

**Initial Projected Date Of Final Report (TFR):**     December 30, 2011        **Current Projected Date Of Final Report (TFR):**     October 7, 2011  (Actual)

Printed: 10/10/2011 10:01 AM     V.12.57

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

**Case Number:** 08-12667-AJG  
**Case Name:** BAGBAG, BOAZ  

**Taxpayer ID #:** **-***3208  
**Period Ending:** 10/10/11  

**Trustee:** Alan Nisselson, Trustee (521090)  
**Bank Name:** The Bank of New York Mellon  
**Account:** 9200-******49-65 - Money Market Account  
**Blanket Bond:** $94,140,000.00   (per case limit)  
**Separate Bond:** N/A  

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Money Market<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 05/23/11 | {7} | David R. Maltz Co., Inc. | Gross sale proceeds from sale of Rolex watch | 1129-000 | 1,750.00 | | 1,750.00 |
| 06/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.01 | | 1,750.01 |
| 06/30/11 | 1001 | International Sureties, Ltd. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 06/30/2011 FOR CASE #08-12667, Bond # 016030120 for 6/19/11 to 6/1912 | 2300-000 | | 1.29 | 1,748.72 |
| 07/29/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.01 | | 1,748.73 |
| 08/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.01 | | 1,748.74 |
| 08/31/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 1,723.74 |
| 09/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.01 | | 1,723.75 |
| 09/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 1,698.75 |

|   |   |   |   |
|---|---|---|---|
| **ACCOUNT TOTALS** | | 1,750.04 | 51.29 | $1,698.75 |
| Less: Bank Transfers | | 0.00 | 0.00 | |
| **Subtotal** | | 1,750.04 | 51.29 | |
| Less: Payments to Debtors | | | 0.00 | |
| **NET Receipts / Disbursements** | | **$1,750.04** | **$51.29** | |

Net Receipts :   1,750.04  
_____  
Net Estate :   $1,750.04  

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **MMA # 9200-******49-65** | 1,750.04 | 51.29 | 1,698.75 |
| | $1,750.04 | $51.29 | $1,698.75 |

{} Asset reference(s)

# EXHIBIT C
## ANALYSIS OF CLAIMS REGISTER

**Claims Bar Date:** August 12, 2009

**Case Number:** 08-12667-AJG  
**Debtor Name:** BAGBAG, BOAZ

Page: 1

**Date:** October 10, 2011  
**Time:** 10:02:02 AM

| Claim # | Creditor Name & Address | Claim Type | Claim Ref. No. / Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 200 | Alan Nisselson, Trustee<br>156 West 56th St.<br>New York, NY 10019 | Admin Ch. 7 | | $437.51 | $0.00 | 437.51 |
| 200 | Alan Nisselson, Trustee<br>156 West 56th St.<br>New York, NY 10019 | Admin Ch. 7 | | $1,151.05 | $0.00 | 1,151.05 |
| 200 | Windels Marx Lane & Mittendorf, LLP<br>156 West 56th St.<br>New York, NY 10019 | Admin Ch. 7 | | $1,000.00 | $0.00 | 1,000.00 |
| 200 | Windels Marx Lane & Mittendorf, LLP<br>156 West 56th St.<br>New York, NY 10019 | Admin Ch. 7 | | $647.75 | $0.00 | 647.75 |
| 200 | David R. Maltz & Co., Inc., Auctioneers<br>155 Terminal Drive<br>Plainview, NY 11803 | Admin Ch. 7 | | $175.00 | $0.00 | 175.00 |
| 200 | David R. Maltz & Co., Inc., Auctioneers<br>155 Terminal Drive<br>Plainview, NY 11803 | Admin Ch. 7 | | $99.36 | $0.00 | 99.36 |
| 6<br>100 | GMAC<br>P.O. Box 130424<br>Roseville, MN 55113 | Secured | The Trustee did not liquidate property forming basis of claim. | $0.00 | $0.00 | 0.00 |
| 7<br>100 | GMAC<br>P.O. Box 130424<br>Roseville, MN 55113 | Secured | The Trustee did not liquidate property forming basis of claim. | $0.00 | $0.00 | 0.00 |
| 8<br>100 | GMAC<br>P.O. Box 130424<br>Roseville, MN 55113 | Secured | The Trustee did not liquidate property forming basis of claim. | $0.00 | $0.00 | 0.00 |
| 19<br>100 | B&N Realty Holding Corp.<br>Bondi & Iovino<br>1055 Franklin Avenue, Suite 206<br>Garden City, NY 11530 | Secured | The Trustee did not liquidate property forming bais of lien. | $0.00 | $0.00 | 0.00 |
| 1<br>610 | Asher Alcobi<br>c/o Law Office of Robert J. Gumenick, PC<br>160 Broadway,Suite 1100<br>New York, NY 10038 | Unsecured | | $1,000,000.00 | $0.00 | 1,000,000.00 |
| 2<br>610 | Uzi Evron<br>Attn: Bruce Lederman<br>567 Broadway<br>Massapequa, NY 11758 | Unsecured | | $86,720.00 | $0.00 | 86,720.00 |
| 3<br>610 | Roni Aboudi<br>c/o Law Office of Robert J. Gumenick, PC<br>160 Broadway,Suite 1100<br>New York, NY 10038 | Unsecured | | $86,720.00 | $0.00 | 86,720.00 |

# EXHIBIT C
## ANALYSIS OF CLAIMS REGISTER

**Claims Bar Date:** August 12, 2009

**Case Number:** 08-12667-AJG  
**Debtor Name:** BAGBAG, BOAZ

Page: 2

**Date:** October 10, 2011  
**Time:** 10:02:02 AM

| Claim # | Creditor Name & Address | Claim Type | Claim Ref. No. / Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 4 / 610 | 122 Street Slash, LLC<br>c/o Law Office of Robert J. Gumenick, PC<br>160 Broadway, Suite 1100<br>New York, NY 10038 | Unsecured | | $75,000.00 | $0.00 | 75,000.00 |
| 5 / 610 | North Fork Bank (Capital One)<br>Attn: Howard Jaslow, Esq.<br>1065 Avenue of the Americas<br>New York, NY 10018 | Unsecured | | $200,000.00 | $0.00 | 200,000.00 |
| 9 / 610 | JPMorgan Chase Bank, NA<br>Attn: Recovery AZ1-1004<br>201 North Central Avenue, Floor 17<br>Phoenix, AZ 85004-0073 | Unsecured | | $294,779.37 | $0.00 | 294,779.37 |
| 10 / 610 | Prime Automotive Parts Co., Inc.<br>c/o Paul S. Groschadl, Esq.<br>700 Crossroads Building<br>Rochester, NY 14614 | Unsecured | | $104,175.70 | $0.00 | 104,175.70 |
| 11 / 610 | Honeywell, Inc.<br>39 Old Ridgebury Road<br>Danbury, CT 06810 | Unsecured | | $372,693.85 | $0.00 | 372,693.85 |
| 12 / 610 | Pace Auto Parts, Inc.<br>10 Park Avenue, Suite 2A<br>New York, NY 10016 | Unsecured | | $271,029.00 | $0.00 | 271,029.00 |
| 13 / 610 | Summa Capital Corp.<br>350 Fifth Avenue, Suite 7612<br>New York, NY 10118 | Unsecured | | $1,697,183.91 | $0.00 | 1,697,183.91 |
| 14 / 610 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $3,866.27 | $0.00 | 3,866.27 |
| 15 / 610 | American Express Bank FSB<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $138.67 | $0.00 | 138.67 |
| 16 / 610 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $45,347.96 | $0.00 | 45,347.96 |
| 17 / 610 | American Express Bank FSB<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $49.88 | $0.00 | 49.88 |
| 18 / 610 | Health Net<br>Collections Department<br>One Far Mill Crossing<br>Shelton, CT 06484 | Unsecured | | $16,609.70 | $0.00 | 16,609.70 |

# EXHIBIT C
## ANALYSIS OF CLAIMS REGISTER

**Claims Bar Date:** August 12, 2009

**Case Number:** 08-12667-AJG  
**Debtor Name:** BAGBAG, BOAZ

Page: 3

**Date:** October 10, 2011  
**Time:** 10:02:02 AM

| Claim # | Creditor Name & Address | Claim Type | Claim Ref. No. / Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 20 620 | NYS Department of Tax & Finance<br>Bankruptcy Section<br>P.O. Box 5300<br>Albany, NY 12205 | Unsecured | Unallowable claim for post-pettion date state taxes not incurred by the estate. | $0.00 | $0.00 | 0.00 |
| << Totals >> | | | | 4,257,824.98 | 0.00 | 4,257,824.98 |

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 08-12667-AJG  
Case Name: BAGBAG, BOAZ  
Trustee Name: Alan Nisselson, Trustee

**Balance on hand:** $ 1,698.75

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00  
Remaining balance: $ 1,698.75

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Alan Nisselson, Trustee | 437.51 | 0.00 | 211.71 |
| Trustee, Expenses - Alan Nisselson, Trustee | 1,151.05 | 0.00 | 556.97 |
| Attorney for Trustee, Fees - Windels Marx Lane & Mittendorf, LLP | 1,000.00 | 0.00 | 483.88 |
| Attorney for Trustee, Expenses - Windels Marx Lane & Mittendorf, LLP | 647.75 | 0.00 | 313.43 |
| Auctioneer Fees - David R. Maltz & Co., Inc., Auctioneers | 175.00 | 0.00 | 84.68 |
| Auctioneer Expenses - David R. Maltz & Co., Inc., Auctioneers | 99.36 | 0.00 | 48.08 |

Total to be paid for chapter 7 administration expenses: $ 1,698.75  
Remaining balance: $ 0.00

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00  
Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

| | | | | |
|---|---|---|---|---|
| | | Total to be paid for priority claims: | $ | 0.00 |
| | | Remaining balance: | $ | 0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 4,254,314.31 have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Asher Alcobi | 1,000,000.00 | 0.00 | 0.00 |
| 2 | Uzi Evron | 86,720.00 | 0.00 | 0.00 |
| 3 | Roni Aboudi | 86,720.00 | 0.00 | 0.00 |
| 4 | 122 Street Slash, LLC | 75,000.00 | 0.00 | 0.00 |
| 5 | North Fork Bank (Capital One) | 200,000.00 | 0.00 | 0.00 |
| 9 | JPMorgan Chase Bank, NA | 294,779.37 | 0.00 | 0.00 |
| 10 | Prime Automotive Parts Co., Inc. | 104,175.70 | 0.00 | 0.00 |
| 11 | Honeywell, Inc. | 372,693.85 | 0.00 | 0.00 |
| 12 | Pace Auto Parts, Inc. | 271,029.00 | 0.00 | 0.00 |
| 13 | Summa Capital Corp. | 1,697,183.91 | 0.00 | 0.00 |
| 14 | American Express Centurion Bank | 3,866.27 | 0.00 | 0.00 |
| 15 | American Express Bank FSB | 138.67 | 0.00 | 0.00 |
| 16 | American Express Centurion Bank | 45,347.96 | 0.00 | 0.00 |
| 17 | American Express Bank FSB | 49.88 | 0.00 | 0.00 |
| 18 | Health Net | 16,609.70 | 0.00 | 0.00 |

| | | | | |
|---|---|---|---|---|
| | | Total to be paid for timely general unsecured claims: | $ | 0.00 |
| | | Remaining balance: | $ | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 20 | NYS Department of Tax & Finance | 0.00 | 0.00 | 0.00 |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**