**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: BAGBAG, BOAZ | § | Case No. 08-12667-AJG |
| | § | |
| | § | |
| Debtor(s) | § | |

**CHAPTER 7 TRUSTEE'S FINAL ACCOUNT AND DISTRIBUTION REPORT CERTIFICATION THAT THE ESTATE HAS BEEN FULLY ADMINISTERED AND APPLICATION TO BE DISCHARGED (TDR)**

Alan Nisselson, Trustee, chapter 7 trustee, submits this Final Account, Certification that the Estate has been Fully Administered and Application to be Discharged.

1) All funds on hand have been distributed in accordance with the Trustee's Final Report and, if applicable, any order of the Court modifying the Final Report. The case is fully administered and all assets and funds which have come under the trustee's control in this case have been properly accounted for as provided by law. The trustee hereby requests to be discharged from further duties as a trustee.

2) A summary of assets abandoned, assets exempt, total distributions to claimants, claims discharged without payment, and expenses of administration is provided below:

| | |
|---|---|
| Assets Abandoned: $28,295.00<br>*(without deducting any secured claims)* | Assets Exempt: $8,385.00 |
| Total Distribution to Claimants: $0.00 | Claims Discharged<br>Without Payment: $5,172,077.31 |
| Total Expenses of Administration: $1,750.07 | |

3) Total gross receipts of $ 1,750.07 (see **Exhibit 1** ), minus funds paid to the debtor and third parties of $ 0.00 (see **Exhibit 2** ), yielded net receipts of $1,750.07 from the liquidation of the property of the estate, which was distributed as follows:

| | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|
| SECURED CLAIMS (from **Exhibit 3**) | $24,255.00 | $395,813.01 | $0.00 | $0.00 |
| PRIORITY CLAIMS: | | | | |
| CHAPTER 7 ADMIN. FEES AND CHARGES (from **Exhibit 4**) | 0.00 | 3,561.96 | 3,561.96 | 1,750.07 |
| PRIOR CHAPTER ADMIN. FFES AND CHARGES (from **Exhibit 5**) | 0.00 | 0.00 | 0.00 | 0.00 |
| PRIORITY UNSECURED CLAIMS (from **Exhibit 6**) | 5,200.00 | 0.00 | 0.00 | 0.00 |
| GENERAL UNSECURED CLAIMS (from **Exhibit 7**) | 2,512,563.00 | 4,256,062.50 | 4,254,314.31 | 0.00 |
| **TOTAL DISBURSEMENTS** | $2,542,018.00 | $4,655,437.47 | $4,257,876.27 | $1,750.07 |

4) This case was originally filed under Chapter 7 on July 10, 2008. The case was pending for 44 months.

5) All estate bank statements, deposit slips, and canceled checks have been submitted to the United States Trustee.

6) An individual estate property record and report showing the final accounting of the assets of the estate is attached as **Exhibit 8**. The cash receipts and disbursements records for each estate bank account, showing the final accounting of the receipts and disbursements of estate funds is attached as **Exhibit 9**.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Dated: 02/29/2012 By: /s/Alan Nisselson, Trustee
Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

**EXHIBITS TO
FINAL ACCOUNT**

## EXHIBIT 1 –GROSS RECEIPTS

| DESCRIPTION | UNIFORM TRAN. CODE[1] | $ AMOUNT RECEIVED |
|---|---|---|
| Gold Watch | 1129-000 | 1,750.00 |
| Interest Income | 1270-000 | 0.07 |
| **TOTAL GROSS RECEIPTS** | | $1,750.07 |

[1]The Uniform Transaction Code is an accounting code assigned by the trustee for statistical reporting purposes.

## EXHIBIT 2 –FUNDS PAID TO DEBTOR & THIRD PARTIES

| PAYEE | DESCRIPTION | UNIFORM TRAN. CODE | $ AMOUNT PAID |
|---|---|---|---|
| | None | | |
| **TOTAL FUNDS PAID TO DEBTOR AND THIRD PARTIES** | | | $0.00 |

## EXHIBIT 3 –SECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6D) | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 6 | GMAC | 4220-000 | N/A | 17,534.05 | 0.00 | 0.00 |
| 7 | GMAC | 4220-000 | N/A | 11,085.76 | 0.00 | 0.00 |
| 8 | GMAC | 4220-000 | N/A | 17,193.20 | 0.00 | 0.00 |
| 19 | B&N Realty Holding Corp. | 4120-000 | 0.00 | 350,000.00 | 0.00 | 0.00 |
| NOTFILED | Metro Leasing | 4110-000 | 24,255.00 | N/A | N/A | 0.00 |
| **TOTAL SECURED CLAIMS** | | | $24,255.00 | $395,813.01 | $0.00 | $0.00 |

## EXHIBIT 4 –CHAPTER 7 ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| Alan Nisselson, Trustee | 2100-000 | N/A | 437.51 | 437.51 | 211.71 |
| Alan Nisselson, Trustee | 2200-000 | N/A | 1,151.05 | 1,151.05 | 556.98 |
| Windels Marx Lane & Mittendorf, LLP | 3110-000 | N/A | 1,000.00 | 1,000.00 | 483.89 |
| Windels Marx Lane & Mittendorf, LLP | 3120-000 | N/A | 647.75 | 647.75 | 313.44 |
| David R. Maltz & Co., Inc., Auctioneers | 3610-000 | N/A | 175.00 | 175.00 | 84.68 |
| David R. Maltz & Co., Inc., Auctioneers | 3620-000 | N/A | 99.36 | 99.36 | 48.08 |
| International Sureties, Ltd. | 2300-000 | N/A | 1.29 | 1.29 | 1.29 |
| The Bank of New York Mellon | 2600-000 | N/A | 25.00 | 25.00 | 25.00 |
| The Bank of New York Mellon | 2600-000 | N/A | 25.00 | 25.00 | 25.00 |
| **TOTAL CHAPTER 7 ADMIN. FEES AND CHARGES** | | N/A | 3,561.96 | 3,561.96 | 1,750.07 |

## EXHIBIT 5 –PRIOR CHAPTER ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| | None | | | | |
| **TOTAL PRIOR CHAPTER ADMIN. FEES AND CHARGES** | | N/A | 0.00 | 0.00 | 0.00 |

## EXHIBIT 6 –PRIORITY UNSECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6E) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| NOTFILED | Jacqueline Lewis | 5200-000 | 5,200.00 | N/A | N/A | 0.00 |
| **TOTAL PRIORITY UNSECURED CLAIMS** | | | 5,200.00 | 0.00 | 0.00 | 0.00 |

## EXHIBIT 7 –GENERAL UNSECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 1 | Asher Alcobi | 7100-000 | 0.00 | 1,000,000.00 | 1,000,000.00 | 0.00 |
| 2 | Uzi Evron | 7100-000 | 0.00 | 86,720.00 | 86,720.00 | 0.00 |
| 3 | Roni Aboudi | 7100-000 | 0.00 | 86,720.00 | 86,720.00 | 0.00 |
| 4 | 122 Street Slash, LLC | 7100-000 | 0.00 | 75,000.00 | 75,000.00 | 0.00 |
| 5 | North Fork Bank (Capital One) | 7100-000 | 0.00 | 200,000.00 | 200,000.00 | 0.00 |
| 9 | JPMorgan Chase Bank, NA | 7100-000 | N/A | 294,779.37 | 294,779.37 | 0.00 |
| 10 | Prime Automotive Parts Co., Inc. | 7100-000 | N/A | 104,175.70 | 104,175.70 | 0.00 |
| 11 | Honeywell, Inc. | 7100-000 | 0.00 | 372,693.85 | 372,693.85 | 0.00 |
| 12 | Pace Auto Parts, Inc. | 7100-000 | 0.00 | 271,029.00 | 271,029.00 | 0.00 |
| 13 | Summa Capital Corp. | 7100-000 | 1,600,000.00 | 1,697,183.91 | 1,697,183.91 | 0.00 |
| 14 | American Express Centurion Bank | 7100-000 | N/A | 3,866.27 | 3,866.27 | 0.00 |
| 15 | American Express Bank FSB | 7100-000 | N/A | 138.67 | 138.67 | 0.00 |
| 16 | American Express Centurion Bank | 7100-000 | 0.00 | 45,347.96 | 45,347.96 | 0.00 |
| 17 | American Express Bank FSB | 7100-000 | N/A | 49.88 | 49.88 | 0.00 |
| 18 | Health Net | 7100-000 | N/A | 16,609.70 | 16,609.70 | 0.00 |
| 20 | NYS Department of Tax & Finance | 7200-000 | N/A | 1,748.19 | 0.00 | 0.00 |
| NOTFILED | Discover Card | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Citibank | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Advanta Bank Corp. | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Capital One Bank | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Chase | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | First National Bank | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Bank of America | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Doron Kessel | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | MBNA | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | USA Distributors | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Wells Fargo | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Autopart International, Inc. c/o Murray S. Lubitz, Esq. | 7100-000 | 908,563.00 | N/A | N/A | 0.00 |
| NOTFILED | Harlington Realty Co. | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Yellow Book Sales & Distribution Co. | 7100-000 | unknown | N/A | N/A | 0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| NOTFILED | Robert Bosch, LLC | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Universal Auto | 7100-000 | 0.00 | N/A | N/A | 0.00 |
| NOTFILED | Flash Sales, Inc. | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Davis Electronics c/o R & B Electronics Corp. | 7100-000 | unknown | N/A | N/A | 0.00 |
| NOTFILED | Law Offices of Daniel M. Katzner, PC | 7100-000 | 4,000.00 | N/A | N/A | 0.00 |
| **TOTAL GENERAL UNSECURED CLAIMS** | | | 2,512,563.00 | 4,256,062.50 | 4,254,314.31 | 0.00 |

Exhibit 8



# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 08-12667-AJG
**Case Name:** BAGBAG, BOAZ

**Period Ending:** 02/29/12

**Trustee:** (521090) Alan Nisselson, Trustee
**Filed (f) or Converted (c):** 07/10/08 (f)
**§341(a) Meeting Date:** 08/14/08
**Claims Bar Date:** 08/12/09

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Cash held by Debtor | 20.00 | 0.00 | DA | 0.00 | FA |
| 2 | Security deposit w/ landlord: 304 East 78th Stre | 1,800.00 | 0.00 | DA | 0.00 | FA |
| 3 | Misc. household goods | 475.00 | 0.00 | DA | 0.00 | FA |
| 4 | Cooking utensils & tableware | 175.00 | 0.00 | DA | 0.00 | FA |
| 5 | Misc. household electronics | 600.00 | 0.00 | DA | 0.00 | FA |
| 6 | Misc. used clothing | 400.00 | 0.00 | DA | 0.00 | FA |
| 7 | Gold Watch | 100.00 | 0.00 | | 1,750.00 | FA |
| 8 | Loan to Pace Product Solutions, Inc. (08-12666 M | 10,000.00 | 7,520.00 | DA | 0.00 | FA |
| 9 | Various lawsuits filed by Debtor | 5,000.00 | 5,000.00 | DA | 0.00 | FA |
| 10 | 2005 Cadillac Escalade (200,000 miles) (automobi | 9,825.00 | 7,425.00 | DA | 0.00 | FA |
| 11 | Life Insurance Policy Hanover Insurance Group | 0.00 | 0.00 | DA | 0.00 | FA |
| 12 | Stock held in Pace Product Solutions, Inc. | 0.00 | 0.00 | DA | 0.00 | FA |
| 13 | Stock held in Worldwide Auto Parts, Inc.<br>wholly owned subsdiary of Pace Product Solutions, Inc. | 0.00 | 0.00 | DA | 0.00 | FA |
| 14 | Stock held in Mazal Hai Auto Parts, Inc. | 0.00 | 0.00 | DA | 0.00 | FA |
| 15 | Stock held in VIP Car Service, Inc. | 0.00 | 0.00 | DA | 0.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 0.07 | FA |
| **16** | **Assets** **Totals** (Excluding unknown values) | **$28,395.00** | **$19,945.00** | | **$1,750.07** | **$0.00** |

**Major Activities Affecting Case Closing:**

(I) Procedural Background

1. On July 10, 2008 (the "Petition Date"), Boaz Bagbag (the "Debtor"), filed a voluntary petition for relief under chapter 7, title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

2. Thereafter, the United States Trustee (the "UST") appointed Alan Nisselson as interim trustee of the Debtor's estate (the "Estate") pursuant to Bankruptcy Code §701 (a). The Trustee qualified and is serving as permanent trustee pursuant to Bankruptcy Code §702 (d).

3. Upon application of the Trustee and by Order dated December 10, 2008, Windels Marx was retained as counsel to the Trustee. (Doc. No. 38).

Exhibit 8



# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 08-12667-AJG
**Case Name:** BAGBAG, BOAZ

**Period Ending:** 02/29/12

**Trustee:** (521090) Alan Nisselson, Trustee
**Filed (f) or Converted (c):** 07/10/08 (f)
**§341(a) Meeting Date:** 08/14/08
**Claims Bar Date:** 08/12/09

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

4. Upon application of the Trustee and by Order dated January 10, 2008, the Trustee was authorized to retain David R. Maltz & Co., Inc. ("Maltz", or, the "Auctioneers") as his auctioneers for the purpose of liquidating the Debtor's Rolex watch, more fully discussed below. (Doc. No. 114).

(II) Funds Collected and Distributed By The Trustee

5. As of October 6, 2011, the Trustee has collected a total of $1,750.04 comprised of: (i) the proceeds of an auction sale of the Debtor's Rolex watch (described below); and (ii) interest in the amount of $0.04.

6. As of the date of this Application, the Trustee has disbursed a total of $51.29 as follows: (i) $1.29 for the Estate's pro rata share of the Trustee's annual blanket bonds; and (ii) $50.00 for bank and technology fees.

7. As of October 6, 2011, the amount held by the Trustee in his Trustee's accounts for the Debtor's estate is $1,698.75.

(III) Claims Filed In the Debtor's Case

8. Upon request of the Trustee, the Court established August 12, 2009 (the "Bar Date") as the last date for non-Governmental entities to file proofs of claim in the Debtor's case. (Doc. Nos. 65, 69 and 71).

9. Twenty (20) claims totaling $4,651,875.51 (the "Claims") have been filed in the Debtor's case. As set forth below, the Debtor's estate is administratively insolvent and, accordingly, the Trustee reviewed the Claims only to verify the priority claimed.

(IV) Case Status

10. The Trustee has collected and liquidated all assets in the Debtor's estate deemed to have value. There are no pending or unresolved matters in this case in the Debtor's case.

11. The Trustee has prepared his Final Report and Account (the "TFR").

12. Windels Marx and Maltz have prepared their respective applications for final allowance and payment of professional fees and expenses. Windels Marx has voluntarily reduced its request for fees from $24,562.50 to $1,000.00.

13. Unfortunately, the Debtor's estate is administratively insolvent. The Trustee's commissions and expense and the fees and expenses requested by Windels Marx and Maltz (collectively, the "Administrative Professional Claims") far exceed the balance available in the Trustee's accounts.

14. In the TFR, the Trustee proposes that the Administrative Expense Claims' holders receive an approximate 48% pro rata distribution and that the Claims' holders will not receive a distribution.

Exhibit 8

# Form 1



## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 08-12667-AJG
**Case Name:** BAGBAG, BOAZ

**Period Ending:** 02/29/12

**Trustee:** (521090) Alan Nisselson, Trustee
**Filed (f) or Converted (c):** 07/10/08 (f)
**§341(a) Meeting Date:** 08/14/08
**Claims Bar Date:** 08/12/09

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

15. The Estate is ready to be closed.

(V) Services Provided

a) The Investigation of the Debtor.

16. Shortly after the Trustee's appointment, Robert J. Gumenick, Esq., attorney for creditors Roni Abudi, Asher Alcobi, Uzi Evron and Doron Kessel (the "Movants"), contacted the Trustee to discuss the Debtor's case and to alert the Trustee to his interest in the case.

17. On or about August 8, 2008, the UST filed with the Court an application (the "UST Rule 9019 Motion") for approval of a stipulation with the Debtor dismissing this chapter 7 case with prejudice for 18 months, based upon the Debtor's failure to file Filing Schedules, and the possibility that the Debtor, while in chapter 7, improperly transferred between approximately $10,000 and $15,000 of estate assets to a related corporation called Pace Products Solutions, Inc. ("Pace"), an auto parts retailer and a debtor in a converted chapter 7 case pending in this Court under Case No. 08-12666 (MG). The petition commencing the Pace case was filed simultaneously with the Debtor's case.

18. The Debtor failed to appear at his initial section 341(a) meeting of creditors scheduled for August 14, 2008. Since then, the Trustee has adjourned the creditors' meeting from time to time. By Order dated September 8, 2008, the Court authorized the Movants to investigate the Debtor's financial affairs by examining the Debtor and others under oath and to compel the production of documents. Thereafter, on or about November 18, 2008, the Movants filed a Response to the UST Rule 9019 Motion, asserting that through their discovery efforts to that date, they uncovered certain irregularities in the Debtor's financial affairs, as well as the existence of possible assets. The Movants argued that the Debtor made improper fraudulent and preferential transfers and that additional discovery was necessary.

19. The Trustee and the Firm had several conversations thereafter with representatives of the UST concerning the UST Rule 9019 Motion and the Response.
20. The Trustee and the Firm frequently received and reviewed updates from Mr. Gumenick and discussed numerous aspects of the case with him.
21. On August 6, 2008, the Movants filed an Application under Bankruptcy Rule 2004 (the "Rule 2004 Application") to compel an examination of the Debtor and production of documents form the Debtor and related entities. (Doc. No. 10).

22. As set forth in the Rule 2004 Application, the Debtor was the owner/director of Pace. Pace's case was converted to a chapter 7 case by order of the Hon. Martin Glenn dated July 24, 2008. Albert Togut is the Chapter 7 Trustee for Pace.

23. The Movants were holders of unsecured claims against the Debtor. The Movants alleged that their claims were not dischargeable under Bankruptcy Code § 523(a)(2) by reason of the misrepresentation, false pretenses and other improper acts of the Debtor. The Movants alleged that the Debtor had secreted or has fraudulently transferred assets that may have been available to the Debtor's creditors, including an automobile parts supplier with a place of business in Yonkers, New York. The Movants believed that as head of Pace, the Debtor dissipated at least $1,000,000.00 in Pace's assets and receivables, and had as well used corporate monies for personal purposes and for gifts to others. The Movants suspected that the same pattern of behavior applied to the Debtor's personal affairs, including transfers of his personal investments in real estate that have been transferred to others for what appears to be no consideration, as well of sources of income from real estate and other investments that the Debtor had not and would not, absent being under oath, disclose.

24. On August 8, 2008, Summa Capital Corp. ("Summa") a creditor of the Debtor filed a Joinder to the Rule 2004 Application. (Doc. 15). By Order dated September 8,

Exhibit 8



# Form 1

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 08-12667-AJG
**Case Name:** BAGBAG, BOAZ
**Period Ending:** 02/29/12

**Trustee:** (521090) Alan Nisselson, Trustee
**Filed (f) or Converted (c):** 07/10/08 (f)
**§341(a) Meeting Date:** 08/14/08
**Claims Bar Date:** 08/12/09

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

2008, the Rule 2004 Application was granted. (Doc. No. 21).

25. The Trustee reached an agreement with the Debtor to dismiss his case with prejudice. However, the Movants objected and the Trustee withdrew the agreement.
26. Thereafter, the Trustee, with the assistance of the Firm participated in the investigation of the Debtor. The Trustee's Firm reviewed the transcripts of Bankruptcy Rule 2004 examinations conducted by the Movants and held meetings with Mr. Gumenick to discuss his finds.

27. During this time, eight (8) stipulations with the Debtor extending the time for the Trustee and the UST to object to the discharge of the Debtor, dischargeability of debts, for objection to any claimed exemptions of property of the estate and for dismissal were submitted.

28. The Movants' investigation of the Debtor continued for over two years, during which time the Trustee, through the Firm regularly conducted discussions with Mr. Gumenick, reviewed the progress of the investigation and apprised the Trustee of its findings.
29. In June
2010, the Movants and Summa Capital Corp. entered into stipulations with the Debtor, which were approved by the Court, pursuant to which: (i) Evron, Roni Abudi and Doron Kessel, jointly and severally, were awarded a judgment against the Debtor in the amount of $229,517.76 plus post-judgment interest (Doc. No. 101); and (ii) Summa was awarded a judgment against the Debtor in the amount of $1,212,062.40 plus post-judgment interest (Doc. No. 105).

30. The Trustee conducted an investigation of the pre-Petition Date transfer of real property and funds from the Debtor to his ex-wife Jacqueline Fay Lewis and her minor children Emily Sara Lewis and Noa Michelle Lewis (collectively, the "Lewises"). Among other things, the Firm deposed the Debtor, obtained and reviewed and analyzed numerous and voluminous documents, and consulted with Debtor's counsel, Mr. Gumenick and lawyers for other creditors, as well as the Pace chapter 7 trustee, in an attempt to ascertain whether the estate had any assets and whether the Trustee could assert any grounds to object to the Debtor's discharge.
31. Unfortunately those investigations did not yield any viable causes of action against the Lewises or the Debtor in the Trustee's opinion. The Trustee consulted with the Firm, and concluded that the allegations made about the Debtor having transferred assets without consideration were not actionable, and that no viable grounds to object to the Debtor's discharge could be asserted.

b) The Sale of the Rolex Watch

32. Despite the extensive investigation of the Debtor, the only asset the Trustee identified and collected for liquidation was the Debtor's Rolex watch (the "Rolex Watch").

33. Upon demand of the UST and the Firm, the Debtor turned over the Rolex Watch to the Trustee so that it could be sold at auction.

34. As set forth above, upon application of the Trustee and by Order dated May 5, 2011, the Trustee was authorized to retain Maltz as his auctioneer. (Doc. No. 114).

35. On April 28, 2011, the Trustee served a Notice of Sale through of Debtor's Rolex Watch. Pursuant to the Notice, an auction would be held on May 17, 2011, Objections, if any, were due May 16, 2011. No objections were filed. (Doc. No. 113).

36. On May 26, 2011, Maltz conducted the auction sale of the Rolex Watch, and received the highest and best bid in the sum of $1,750.

Exhibit 8



# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 08-12667-AJG
**Case Name:** BAGBAG, BOAZ

**Period Ending:** 02/29/12

**Trustee:** (521090) Alan Nisselson, Trustee
**Filed (f) or Converted (c):** 07/10/08 (f)
**§341(a) Meeting Date:** 08/14/08
**Claims Bar Date:** 08/12/09

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

37. On June 6, 2011, Maltz filed a Report of Sale of the Auction. (Doc. No. 115).

38. On October 7, 2011, the Trustee prepare his Final Report and Account.

**Initial Projected Date Of Final Report (TFR):** December 30, 2011 **Current Projected Date Of Final Report (TFR):** October 7, 2011 (Actual)

Exhibit 9

# Form 2



## Cash Receipts And Disbursements Record

**Case Number:** 08-12667-AJG
**Case Name:** BAGBAG, BOAZ

**Taxpayer ID #:** **-***3208
**Period Ending:** 02/29/12

**Trustee:** Alan Nisselson, Trustee (521090)
**Bank Name:** The Bank of New York Mellon
**Account:** 9200-******49-65 - Money Market Account
**Blanket Bond:** $94,140,000.00 (per case limit)
**Separate Bond:** N/A

| 1<br>Trans. Date | 2<br>{Ref #} / Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts $ | 6<br>Disbursements $ | 7<br>Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| 05/23/11 | {7} | David R. Maltz Co., Inc. | Gross sale proceeds from sale of Rolex watch | 1129-000 | 1,750.00 | | 1,750.00 |
| 06/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.01 | | 1,750.01 |
| 06/30/11 | 1001 | International Sureties, Ltd. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 06/30/2011 FOR CASE #08-12667, Bond # 016030120 for 6/19/11 to 6/1912 | 2300-000 | | 1.29 | 1,748.72 |
| 07/29/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.01 | | 1,748.73 |
| 08/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.01 | | 1,748.74 |
| 08/31/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 1,723.74 |
| 09/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.01 | | 1,723.75 |
| 09/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 1,698.75 |
| 10/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.01 | | 1,698.76 |
| 11/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.01 | | 1,698.77 |
| 12/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.01 | | 1,698.78 |
| 01/05/12 | Int | The Bank of New York Mellon | Current Interest Rate is 0.0000% | 1270-000 | 0.00 | | 1,698.78 |
| 01/05/12 | | To Account #9200******4966 | TRANSFER FUNDS | 9999-000 | | 1,698.78 | 0.00 |

| | Receipts | Disbursements | Balance |
|---|---|---|---|
| **ACCOUNT TOTALS** | **1,750.07** | **1,750.07** | **$0.00** |
| Less: Bank Transfers | 0.00 | 1,698.78 | |
| **Subtotal** | **1,750.07** | **51.29** | |
| Less: Payments to Debtors | | 0.00 | |
| **NET Receipts / Disbursements** | **$1,750.07** | **$51.29** | |

Exhibit 9

# Form 2



## Cash Receipts And Disbursements Record

**Case Number:** 08-12667-AJG
**Case Name:** BAGBAG, BOAZ

**Taxpayer ID #:** **-***3208
**Period Ending:** 02/29/12

**Trustee:** Alan Nisselson, Trustee (521090)
**Bank Name:** The Bank of New York Mellon
**Account:** 9200-******49-66 - Checking Account
**Blanket Bond:** $94,140,000.00 (per case limit)
**Separate Bond:** N/A

| 1<br>Trans. Date | 2<br>{Ref #} / Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts $ | 6<br>Disbursements $ | 7<br>Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 01/05/12 | | From Account #9200******4965 | TRANSFER FUNDS | 9999-000 | 1,698.78 | | 1,698.78 |
| 01/13/12 | 101 | Alan Nisselson, Trustee | Dividend paid 48.38% on $437.51, Trustee Compensation; Reference: | 2100-000 | | 211.71 | 1,487.07 |
| 01/13/12 | 102 | Alan Nisselson, Trustee | Dividend paid 48.38% on $1,151.05, Trustee Expenses; Reference: | 2200-000 | | 556.98 | 930.09 |
| 01/13/12 | 103 | David R. Maltz & Co., Inc., Auctioneers | Dividend paid 48.38% on $175.00, Auctioneer for Trustee Fees (including buyers premiums); Reference: | 3610-000 | | 84.68 | 845.41 |
| 01/13/12 | 104 | David R. Maltz & Co., Inc., Auctioneers | Dividend paid 48.38% on $99.36, Auctioneer for Trustee Expenses; Reference: | 3620-000 | | 48.08 | 797.33 |
| 01/13/12 | 105 | Windels Marx Lane & Mittendorf, LLP | Dividend paid 48.38% on $1,000.00, Attorney for Trustee Fees (Trustee Firm); Reference: | 3110-000 | | 483.89 | 313.44 |
| 01/13/12 | 106 | Windels Marx Lane & Mittendorf, LLP | Dividend paid 48.38% on $647.75, Attorney for Trustee Expenses (Trustee Firm); Reference: | 3120-000 | | 313.44 | 0.00 |

| | Receipts | Disbursements | Balance |
|---|---|---|---|
| **ACCOUNT TOTALS** | **1,698.78** | **1,698.78** | **$0.00** |
| Less: Bank Transfers | 1,698.78 | 0.00 | |
| **Subtotal** | **0.00** | **1,698.78** | |
| Less: Payments to Debtors | | 0.00 | |
| **NET Receipts / Disbursements** | **$0.00** | **$1,698.78** | |

| | |
|---|---|
| Net Receipts : | 1,750.07 |
| Net Estate : | $1,750.07 |

| **TOTAL - ALL ACCOUNTS** | **Net Receipts** | **Net Disbursements** | **Account Balances** |
|---|---|---|---|
| **MMA # 9200-******49-65** | **1,750.07** | **51.29** | **0.00** |
| **Checking # 9200-******49-66** | **0.00** | **1,698.78** | **0.00** |
| | **$1,750.07** | **$1,750.07** | **$0.00** |