Richard J. McCord, Esq. (RJM 3290)  
John H. Gionis, Esq. (JHG 6373)  
Carol A. Glick, Esq. (CAG 2675)  
CERTILMAN BALIN ADLER & HYMAN, LLP  
Attorneys for Debtor  
90 Merrick Avenue  
East Meadow, NY 11554  
(516) 296-7000  

11-6188872

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------X  
In re:

BOAZ BAGBAG,

            Debtor.

-----------------------------------------------------X

Chapter 7  
Case No. 08-12667-reg

Hon. Robert E. Gerber

**AFFIDAVIT OF BOAZ BAGBAG IN SUPPORT OF MOTION FOR AN ORDER (a) REOPENING CASE TO ADD AN UNSECURED CREDITOR PURSUANT TO 11 U.S.C. § 350 AND BANKRUPTCY RULE 5010; (b) DECLARING POST-PETITION JUDGMENT OBTAINED BY METROPOLITAN LEASING, LLC NULL AND VOID AS IT VIOLATES THE AUTOMATIC STAY WHICH CAME INTO EFFECT AS OF THE FILING OF THE CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 362(a); (c) EXTENDING THE AUTOMATIC STAY *NUNC PRO TUNC* AS OF THE DATE OF COMMENCEMENT OF STATE COURT ACTION TO VIP CAR SERVICE, INC. PURSUANT TO 11 U.S.C. §§ 105(a) AND 362(a); AND GRANTING RELATED RELIEF**

STATE OF NEW YORK    )  
                                ) SS.:  
COUNTY OF NASSAU     )

BOAZ BAGBAG, being duly sworn, deposes and says as follows:

1. I am the Chapter 7 Debtor in this case. I submit this affidavit in support of the Debtor's motion for an order (a) reopening the Chapter 7 case to add an unsecured creditor pursuant to 11 U.S.C. § 350 and Rule 5010 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); (b) declaring a post-petition State Court judgment obtained by Metropolitan Leasing, LLC void *ab initio* as it violates the automatic stay which came into effect

2805902.1

as of the filing of the Chapter 7 case pursuant to 11 U.S.C. § 362(a); (c) extending the protections of the automatic stay, *nunc pro tunc* as of the date of commencement of the State Court Action (as defined in the Motion), to Debtor's co-defendant, VIP Car Service, Inc., an entity wholly owned and controlled by the Debtor, pursuant to 11 U.S.C. §§ 105(a) and 362(a); and (d) granting such other, further and related relief as the Court may deem just, proper and equitable (the "Motion").

2. I filed this Chapter 7 case on July 10, 2008 (the "Petition Date").

3. I was represented by Daniel M. Katzner, Esq. in connection with the case.

4. I listed my membership interest in VIP Car Service, Inc. ("VIP") on Schedule B filed with my bankruptcy petition.

5. Prior to the Petition Date, VIP entered into certain automobile leases (the "Leases") with Metropolitan Leasing, LLC ("Metropolitan"). I personally guaranteed VIP's obligations under the Leases to Metropolitan.

6. I inadvertently omitted any potential claim which Metropolitan might ever have against me personally from Schedule D because no claim had been asserted against me or VIP as of the Petition Date.

7. In or about the summer of 2008, VIP could not meet its obligations under the Metropolitan leases and, consequently, VIP and Metropolitan entered into certain Riders to Leases ("Lease Riders") (copies of which are annexed as Exhibit 1 to Metropolitan's opposition to the Motion), extending the term of the leases and decreasing the amount of the monthly payments due to Metropolitan. In early 2009, I took steps to assign the Leases to VIP Car Leasing, Inc. Metropolitan prepared the assignment forms (copies of which are annexed as Exhibit 1 to Metropolitan's opposition to the Motion; however, VIP Car Leasing, Inc. did not

2

execute them and the assignments never became effective. Therefore, VIP Car Service, Inc. remained the lessee under the Leases.

8.  I told Ralph Zur, one of the principals of Metropolitan, of my Chapter 7 filing during our negotiations regarding the Lease Riders and attempted assignments. In addition, on information and belief, Metropolitan ran credit checks on me during the period when we entered into the Lease Riders and when we contemplated an assignment of VIP's obligations under the Leases to VIP Car Leasing, Inc. These credit checks would have revealed my bankruptcy filing. However, even if Metropolitan did not have actual knowledge of my Chapter 7 case, I am advised by my attorneys that the commencement of the State Court Action against me, individually, and all the subsequent proceedings in that action, violated the automatic stay.

9.  The information set forth in Amended Schedule B filed in January 2009 is correct. In January 2009, the vehicles leased by VIP from Metropolitan had either been assigned to various livery drivers or repossessed by Metropolitan. As I am not an attorney, when I stated that the vehicles were "assigned" to the livery drivers I meant that the vehicles were leased to the livery drivers.

10. Metropolitan repossessed the thirteen (13) vehicles which were the subject of the State Court Action and sought reimbursement of the costs associated with such repossessions as part of the damages in the State Court Action.

11. I filed the instant motion in order to add Metropolitan as an unsecured creditor and not for any improper purpose.

Sworn to before me this
28th day of February, 2014.

_____
BOAZ BAGBAG

_____
MARION PANOS
NOTARY PUBLIC, State of New York
No. 01PA5046969
Qualified in Nassau County
Commission Expires July 24, 20/7

3