UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
In re:

BOAZ BAGBAG,

            Debtor.
-----------------------------------------------X

Chapter 7
Case No. 08-12667-reg

Hon. Robert E. Gerber

FILED
'16 NOV 10 P 3:30

## LETTER TO WITHDRAW MOTION FILED ON NOVEMBER11 SCHEDULED DECEMBER 14,2016 AT 10 AM (a) REOPENING CHAPTER 7 CASE TO ADD AN UNSECURED CREDITOR PURSUANT TO 11 U.S.C. & 350 AND BANKRUPTCY RULE 5010; (b) DECLARING POST-PETITION JUDGMENT OBTAINED BY METROPOLITAN LEASING LLC NULL AND VOID AS IT VIOLATES THE AUTOMATIC STAY WHICH CAME INTO EFFECT AS OF THE FILING OF THE CHAPTER 7 CASE PURSUANT TO 11 U.S.C. & 362(a); AND (c) GRANTING RELATED RELIEF

Upon the Motion of Boaz Bagbag (the "Debtor"), seeking an order: (a) pursuant to Section 350 of title 11 of the United States Code (the "Bankruptcy Code") and rule 5010 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), reopening the above-captioned Chapter 7 case to add an unsecured creditor; (b) declaring a post-petition State Court judgment obtained by UZI EVRON, RONI ABUDI, DORON KESSEL, void ab initio as it violates the automatic stay which came into effect as of the filing of the Chapter 7 case pursuant to Section 362(a) of the Bankruptcy Code; (c) extending the automatic stay, *nunc pro tunc* as of the date of commencement of the State Court Action (as defined in the motion), to Boaz Bagbag, an individual wholly owned and controlled by the Debtor pursuant to Sections 105(a) and 362(a) of the Bankruptcy Code; and (d) granting such other, further and related relief as the Court may

2793806.1

deem just, proper and equitable (the "Motion") and it appearing that appropriate notice has been given to UZI EVRON, RONI ABUDI, DORON KESSEL, the Chapter 7 Trustee in this case, the United States Trustee and all creditors and parties in interest; and upon the record of the hearing conducted by the Court on _____, 2016, at    M., and after due deliberation, it is herby

**ORDERED,** that the Motion is GRANTED as set forth herein; and it is further

**ORDERED,** that, pursuant to Section 350(b) of the Bankruptcy Code and Bankruptcy Rule 5010, this Chapter 7 case is reopened for the purpose of adding UZI EVRON, RONI ABUDI, DORON KESSEL as an unsecured creditor on Schedule F; and it is further

**ORDERED,** that the judgment entered by the Supreme Court of the State of New York, County of Queens, on November 27, 2012 ("Judgment"), in the action entitled UZI EVRON, RONI ABUDI, DORON KESSEL *v.* BOAZ BAGBAG, Individually, Index No. 154535/16 (the "State Court Action"), is null and void as the action was commenced in violation of the automatic stay which came into effect pursuant to Section 362(a) of the Bankruptcy Code upon the filing of this Chapter 7 case on July 10, 2008; and its further

**ORDERED,** pursuant to Sections 105(a) and 362(a) of the Bankruptcy Code, the automatic stay is extended *nunc pro tunc* as of the date of commencement of the State Court Action so as to apply to any and all actions taken by UZI EVRON, RONI ABUDI, DORON KESSEL an entity wholly owned and controlled by the Debtor and whose debts were guaranteed by the Debtor; and it is further

2793806.1

**ORDERED,** that UZI EVRON, RONI ABUDI, DORON KESSEL shall not take any action to enforce or execute on the judgment as against the Debtor and/or BOAZ BAGBAG.

Dated:  New York, New York
        , 2016

                                                 _____
                                                 United States Bankruptcy Judge