UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| BOAZ BAGBAG, | : | Case No. 08-12667 (MEW) |
| | : | |
| Debtor. | : | |
| | : | |

ORDER RE-CLOSING BANKRUPTCY CASE

On February 4, 2013, this bankruptcy case was closed. On March 19, 2018, Boaz Bagbag (the "Debtor') filed a motion to re-open the bankruptcy case (ECF No. 147), which motion was denied without prejudice by order, dated April 17, 2018, due to certain deficiencies in the motion and service (ECF No. 151). The Debtor filed an amended motion curing the deficiencies (ECF No. 149), and on June 6, 2018, an order was entered granting the motion to reopen the case. (ECF No. 158).

The Debtor sought to reopen the bankruptcy case to seek a declaration that the discharge injunction that he received in his chapter 7 case renders void *ab initio* a judgment entered against the Debtor in a New York State court proceeding brought by Asher Alcobi. (ECF No. 160). After a hearing held on October 18, 2018, the Court issued a decision, dated November 15, 2018 (ECF No. 172), granting the Debtor's motion to the extent of declaring that the state court judgment, and any modified judgment that incorporated an award of attorneys' fees and expenses, was void and unenforceable. The Court further held that the Settlement Agreement was not enforceable if it was made in whole or in part in consideration of events and obligations that occurred prior to the Debtor's bankruptcy filing in July 2008. However, the Court found that Asher Alcobi could pursue, in the state court, his contentions that pre-bankruptcy events and obligations had nothing to do with the Settlement Agreement, and that the Settlement Agreement

was based solely on events that post-dated the Debtor's bankruptcy filing in July 2008 and in consideration of claims that arose entirely from those post-bankruptcy events, and not from earlier events.  Finally, the Court denied the Debtor's request that the Court undo other actions taken by other parties, or obligations incurred by other parties, without prejudice to further proceedings in the state court to determine the effect (if any) of the rulings set forth herein on those other parties. A separate Order to that effect was entered on November 15, 2018 (ECF No. 173).

On December 2, 2020, the parties filed a letter on the docket of this case, signed by counsel for the Debtor and counsel for Asher Alcobi stating that they had reached a settlement of all matters before this Court.  (ECF No. 191).  The letter sets forth a summary of the terms of their settlement and asserts that they had previously submitted a stipulation reflecting its terms in the New York State court case.

The purpose of re-opening the bankruptcy case has been resolved and the bankruptcy case can therefore be re-closed.

Dated: New York, New York
       December 11, 2020

/s/ **Michael E. Wiles**
UNITED STATES BANKRUPTCY JUDGE