# DAVID BOLTON, P.C.

666 OLD COUNTRY ROAD
Suite 509
GARDEN CITY, NEW YORK 11530

———

TELEPHONE  (516) 222-0600
FACSIMILE  (516) 908-4475
E-mail   dbolton@dboltonlaw.com

April 29, 2021

**Via ECF**

Hon. Michael E. Wiles
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

    Re:   Summa Capital Corp. v. Boaz Bagbag
            08-12667 (MEW)

Dear Judge Wiles:

    This firm represents Summa Capital Corp. We submit this letter to address the objection of Boaz Bagbag (the "Debtor") to this Court's exercise of subject matter jurisdiction over the current discovery dispute. We also address arguments the Debtor made concerning the Stipulation which led to the entry of the judgments (the "Judgment") in this court. ECF #105 in 08-12667 and ECF # 16 in 20-01185.

**Subject Matter Jurisdiction**

    This Court has subject matter jurisdiction to compel the Debtor to respond to the discovery demands and to compel the Debtor to appear for a deposition.

    This Court has jurisdiction because the discovery is needed for Summa to collect the $10,000 sanction which this Court ordered the Debtor pay to Summa. *See* ECF # 76 in 08-12667 (the "Order").[1] There can be no serious dispute that this Court has jurisdiction to enforce its own

---

[1] The Order provides:

    ORDERED, that the request to impose sanctions on the Debtor is granted in the amount of $10,000.00, which amount the Debtor shall pay within ten (10) days after entry of this Order; and it is further

    ORDERED, that this Court retains jurisdiction over the parties and over this Order for purposes of the enforcement thereof.

Hon. Michael E. Wiles
April 29, 2021
Page 2

orders.  *See, e.g., In re MF Global Holdings Ltd.*, 562 B.R. 866 (Bankr. S.D.N.Y. 2017).  The discovery sought also will allow Summa (if necessary) to frame additional requests for relief to this Court in connection with such enforcement.

The Court also unquestionably has jurisdiction to order the Debtor to provide discovery in connection with enforcement of the Judgment.

The law is well-settled that federal district courts have supplemental jurisdiction over proceedings seeking to enforce money judgments even if the underlying case has been closed.  *See First Technology Capital, Inc. v. Airborne, Inc. d/b/a Firstflight*, 380 F.Supp.3d 217 (W.D.N.Y. 2019).

In *Dulce v. Dulce*, 233 F.3d 143 (2d Cir. 2000), the court framed the issue as follows:

> As a general rule, once a federal court has entered judgment, it has ancillary jurisdiction over subsequent proceedings necessary to 'vindicate its authority, and effectuate its decrees.' This includes proceedings to enforce the judgment. Without ancillary jurisdiction to enforce judgments, 'the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.' As a result of its entry of judgment for the plaintiff, the district court possessed ancillary jurisdiction to enforce the judgment through supplementary proceedings.

Bankruptcy courts also may exercise supplemental jurisdiction.  *See In re Cavalry Const., Inc.*, 496 B.R. 106 (S.D.N.Y. 2013).  Accordingly, this Court has jurisdiction to order the Debtor to provide discovery in connection with the Judgment.

As to this point, it is important to note that Summa is seeking is discovery from the Debtor.  Summa is not asking the Court to exercise jurisdiction with respect to new claims and/or new parties.  The limited scope of the current application fully supports the exercise of supplemental jurisdiction.

This Court also has jurisdiction pursuant to 28 U.S.C. § 1334, specifically "arising under" and/or "arising in" jurisdiction.

"Arising under" jurisdiction exists where a party is invoking a "substantive right created by federal bankruptcy law."  *In re Housecraft Industries USA, Inc.*, 310 F.3d 64, 69 (2d Cir. 2002).  It is not necessary that the claim would affect the debtor's estate.  *Id.* at 69.

Here, Summa's discovery application arises under federal bankruptcy law because neither the Order nor the Judgment would exist were it not for §§ 727 and 523 of the Bankruptcy

Hon. Michael E. Wiles
April 29, 2021
Page 3

Code regarding non-dischargeable debts.

Stated differently, Summa's rights under that Judgment are inextricably intertwined with, and "arise under," federal bankruptcy law.

With respect to "arising in" jurisdiction, the Second Circuit has held that "[a]t a minimum, a bankruptcy court's 'arising in' jurisdiction includes claims that 'are not based on any right expressly created by [T]itle 11, but nevertheless, would have no existence outside of the bankruptcy." *In the Matter of: Motors Liquidation Company*, 829 F.3d 135 (2nd Cir. 2016).

Here, neither the Judgment nor the Order would exist "outside of the bankruptcy" because they both are based on the court's determination, on consent of the parties, that the obligation which is embodied in Judgment was a non-dischargeable debt. This determination does not exist, and could not be made, "outside of bankruptcy."

Neither of the cases Debtor cites in a letter it sent to Summa are to the contrary.

In *In re Bass*, 171 F.3d 1016 (5th Cir. 1999), the issue was whether a bankruptcy court in Texas had subject matter jurisdiction over a "new and independent" action commenced against non-debtor parties to enforce a judgment entered by a bankruptcy court in Utah. The court held that the Texas action was not "related to" any case under Title 11 because the Utah bankruptcy case was closed. The court also noted that the action before it was a "new and independent action." The court also ruled that bankruptcy courts do not have "supplemental jurisdiction."

*In re Bass* is not applicable here because Summa is not relying on "related to" jurisdiction, this is not a "new and independent action," and this application does not include non-debtors. In addition, in this Circuit the exercise of supplemental jurisdiction is permitted.

In *In re Sieger*, 200 B.R. 636, 639 (Bankr. N.D. Ind. 1996), the judgment creditor sought relief against a non-party (the debtor's employer). The court found that it did not have jurisdiction because the current proceeding was not "related to" the bankruptcy case. The court mentioned § 1334(b), but only in passing. Summa is not relying on "related to" jurisdiction.

The Debtor also has referred to *Langella v. Weisz*, 39 B.R. 615 (E.D.N.Y. 1984). As in *Sieger*, and unlike the situation presented here, in *Langella* the creditors were not seeking to enforce their judgment against the debtor. They had commenced a new action against numerous non-debtor defendants alleging fraudulent conveyances. The court held that it lacked jurisdiction to hear the case. The court did not consider the issue of supplemental jurisdiction.

Hon. Michael E. Wiles
April 29, 2021
Page 4

**The Stipulation**

    The Debtor also has argued (in a letter to counsel) that Summa's application to the Court violates a Stipulation and Order Regarding Discharge, "so ordered" on June 8, 2010.

    The Debtor's arguments are misplaced.

    Simply put, Summa did not waive its rights to discovery in connection with the Judgment.

    What the Stipulation says is that Summa shall not "seek to collect the aforesaid debt within this proceeding except to the extent a distribution is made by the Trustee" and shall not "make any motion to examine any party, including the Debtor, or to recover any property."

    Use of the words "within" and "except" make it apparent that all Summa agreed was that it would not seek to collect from monies or property which were property of the Debtor's Estate, unless they were part of a distribution. Stated differently, the words which appear after the word "except" only make sense if this is the import of the provision.

    Use of the words "motion" and "recover" similarly demonstrate that all Summa agreed was that it would not examine the Debtor in connection with the bankruptcy proceeding or seek to recover property of the Estate; no promises were made as to enforcement of the Judgment. Indeed, Summa does not need to make, and has not made, a "motion to examine" the Debtor or to "recover any property."

    In addition, if the parties had intended for Summa to waive its right to seek discovery in aid of execution of the Judgment they would have been much more explicit.

    The Debtor's final argument is that the parties intended for judgment enforcement to be conducted solely and exclusively outside of the bankruptcy proceeding. This argument is not supported by the Stipulation. All Summa agreed was that it would "refrain from enforcing the judgment" outside of the bankruptcy court for a period of time.

    Thank you for your attention to this matter.

                          Very truly yours,

                            /s/
                        David Bolton

cc:    All counsel (via ECF)